SAMUEL NASH, Appellant, *v.* WHITE'S BANK OF BUFFALO, Respondent.

Under the provisions of the banking act of 1870 (chap. 163, Laws of 1870), prohibiting banks from charging upon any discount a rate of interest greater than seven per cent, and in case a greater rate of interest has been paid, authorizing a recovery by the party paying it of twice the amount, it is not necessary that the payment should be made in money to subject the receiver to liability.

Where commercial paper is transferred to and discounted by a bank at a greater rate of interest than seven per cent, and the net proceeds, after deducting the interest charged, are credited to the transferer, this is a payment within the meaning of the statute.

The fact that the paper discounted is business paper, so that the purchase thereof is not usurious under the general statutes, does not relieve from liability under said act.

*Nash* v. *Manufacturers and Traders' Bank* (5 Hun, 568) reversed.

(Submitted January 16, 1877; decided February 13, 1877.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department affirming a judgment in favor of defendant, entered upon the report of a referee.

This action was brought to recover divers penalties alleged to have been incurred by defendant under the act, chapter 163, Laws of 1870, by discounting paper at a greater rate of interest than seven per cent.

The referee found, in substance, that the paper described in the complaint was presented to defendant at the times alleged in the complaint, for discount; that plaintiff indorsed and transferred the same to defendant, and thereupon defendant credited the plaintiff upon its books and upon plaintiff's pass-book, the respective amounts of the notes, checks and drafts, less the amounts so charged and reserved by defendant; that the rate of interest charged upon each discounting exceeded seven per cent, and that the same was so charged intentionally and for the purpose of obtaining a greater rate of interest.

*Joel L. Walker* for the appellant.   Defendant was liable for the penalty which this action was brought to recover.   (*Hintermeister* v. *First Nat. Bk. of C.*, 13 Alb. L. J., 163, No. 10.)

*Sherman S. Rogers* for the respondent.   This action cannot be maintained, because it does not appear that any usurious interest has been paid.   (2 Pars. on Con., 401, note; *Simpson* v. *Warren*, 15 Mass., 460; *Fisher* v. *Beasly*, Dougl., 235; *Waddock* v. *Hammett*, 7 T. R.; *Pearson* v. *McGavran*, 3 B. & C., 700; 5 D. & R., 615; *Brown* v. *Second Nat. Bk. of Erie*, 72 Penn., 209.)   If the paper was business paper its discount at a greater rate than seven per cent did not make

the transaction usurious. (*Crane* v. *Hendricks*, 7 Wend., 569; *Magregor* v. *Anderson*, 4 Hill, 472; *Brooks* v. *Avery*, 4 N. Y., 225; *Cobb* v. *Titus*, 10 id., 198; *Mumford* v. *Am. L. Ins. Co.*, 4 id., 463.)

RAPALLO, J. In order to maintain this action it was neces sary for the plaintiff to establish, not only that a greater rate of interest than seven per cent had been charged by the defendants on the discounts set forth in the complaint, but that such interest had been paid by him. It is claimed on the part of the defendant that, although illegal interest is found to have been charged, the findings fail to show the payment of such interest.

The findings are that the commercial paper described in the complaint was presented by the plaintiff to the defendant for discount, and thereupon indorsed and transferred by the plaintiff to the defendant, who thereupon credited the plaintiff upon its books and upon the plaintiff's pass-book with the respective amounts for which the paper discounted was made or drawn, less the amount charged for the discount, which in each case exceeded seven per cent per annum, in advance, for the time the paper had to run, and that the same was charged intentionally and for the purpose of obtaining such greater rate of interest on the discount of such paper.

It thus appears that the plaintiff parted with his whole title to the paper, receiving credit only for the net proceeds after deducting the interest charged upon the discount, and the defendant acquired the title to the paper, and the right to enforce it against the makers for the full amount. The referee does not find that the paper has been paid, but the plaintiff has parted with all interest in it, and has thus paid the amount charged for discount, not in money, it is true, but in negotiable paper of third parties.

If the bank had credited the plaintiff with the full face of the paper discounted, and he had paid the sum charged for discount in other commercial paper of third parties, trans- ferred for that specific purpose, the proposition might be

more obvious, but it would not differ in principle. There is nothing in the statute which requires that the interest should be paid in money, to subject the receiver to liability. If paid in any other thing of specific value, I see no reason why it cannot be recovered back under this statute.

If the plaintiff had merely borrowed money of the banks, pledging the paper as security, he would not, of course, be deemed to have paid the interest until he paid off the loan. But that is not this case. There was no loan, but an absolute transfer of the paper to the bank.

In any point of view it seems to me that the facts found show a payment of the interest by the plaintiff. If the banks had paid to him the full face of the paper, and he had paid back to them the sums charged for discount, and had deposited the balance to his own credit, the same result precisely would be reached as that produced by simply crediting him in the first instance with the net balance after deducting the discount. He has parted with his securities, and has received only the balance remaining after the banks have taken out the discount.

The point made by the defendant that the paper discounted, being business paper, purchased by the defendants, there was no usury, does not aid its case. The question is not whether the transaction was usurious under the general statutes against usury, but arises under the act of 1870 (chapter 163), which prohibits banks from charging on any discount a rate greater than seven per cent.

The judgment should be reversed, and a new trial ordered, costs to abide event.

All concur.

Judgment reversed.