JAMES H. JOHNSON, Respondent, v. THE NATIONAL BANK OF GLOVERSVILLE, Appellant.

The provisions of the national banking act (U. S. R. S., §§ 5197, 5198) limiting the rate of interest to be taken by national banks upon loans and discounts, apply as well to discounts of business paper as of accommodation paper.

The effect of the provisions is to restrict the rate of discount on all paper, business or accommodation, to the rate of interest for the use of money established by the State law, and to seven per cent per annum where there is no such established rate.

Accordingly, *held*, that a national bank in this State which had discounted business paper at a greater rate than seven per cent, was liable to the penalties imposed by said provisions, although the State law fixes no limit to the rate which natural persons may take for the discount of such paper, and the transaction was not usurious under said law.

(Argued June 6, 1878 ; decided September 17, 1878.)

APPEAL from judgment of the General Term of the Supreme Court, in the third judicial department, affirming a judgment in favor of plaintiff, entered upon the report of a referee.

This action was brought against defendant, a national bank, to recover the penalties imposed by the national banking act for violation of the provisions thereof (U. S. R. S., §§ 5197, 5198) limiting the amount of interest to be taken by said banks upon loans and discounts.

The referee found, in substance, that defendant, from November 1, 1874, to February 7, 1876, discounted commercial paper for plaintiff to the amount, in the aggregate, of $158,003.91 at the rate of twelve per cent; the greater portion of such paper was business paper, all of which was paid to defendant. The referee found that plaintiff was entitled to recover twice the amount of interest so received in excess of seven per cent upon the business, as well as the accommodation paper.

*H. S. Parkhurst*, for appellant. This action cannot be maintained as the discount of business paper is not within

SICKELS.—VOL. XXIX.    42

the prohibition of the usury laws of this State. (*Crane* v. *Hendricks*, 9 Wend., 569; *Mazuzan* v. *Anderson*, 4 Hill, 472; *Cobb* v. *Titus*, 10 N. Y., 198; *Nash* v. *White's Bk.*, 68 id., 396.) A national bank has the same right as natural persons to purchase business paper at any rate of discount that may be agreed upon. (*Tiffanny* v. *Nat. Bk. of Missouri*, 18 Wall., 409; 64 N. Y., 216.)

*C. M. Parke*, for respondent. Plaintiff was entitled to recover twice the excess over the legal rate of interest taken upon the discount of business or commercial notes as well as upon discount of accommodation paper. (U. S. R. S., §§ 5197, 5198; *Nash* v. *White's Bk.*, 68 N. Y., 396.) National banks must act in transacting business strictly in the manner prescribed by Congress. (2 Kent's Com., 290, 299; U. S. R. S., §§ 5136, subd. 7.) If the transaction was a loan defendant was liable under the statute. (*People* v. *Utica Ins. Co.*, 15 J. R., 392; *Firemans' Ins. Co.* v. *Ely*, 2 Cow., 699; *Fleckner* v. *Bk. of U. S.*, 8 Wheat., 338; *Nia. Co. Bk.* v. *Baker*, 15 Ohio St., 69; *F. and M. Bk.* v. *Baldwin*, Sup. Ct. Minn., 1876; 5 Sloan's L. & T. Reg., No. 1, p. 14; *Talmage* v. *Pell*, 3 Seld., 343, 348.) Defendant's ignorance that the accommodation paper was such when discounted does not avoid the liability. (*Bk. of Salina* v. *Alvord*, 31 N. Y., 473; *Hall* v. *Earnest*, 36 Barb., 585.)

RAPALLO, J. The same point which is raised in this case was made in *Nash* v. *White's Bank of Buffalo* (68 N. Y., 396), viz., that the paper discounted being business paper and the transaction not usurious under the general statutes of the State, the bank was not liable under the banking act for taking a greater rate of discount than seven per cent per annum thereon. We there held that the character of the paper was not material and that the act applied to all discounts as well as to loans.

That case arose under the State banking act of 1870 (chap. 163). The provisions affecting this case contained in the

United States banking act, are identical with those of the State act, except that the latter specifies seven per cent per annum as the rate of interest which may be taken on every loan or discount made, or upon any note, etc., while the act of Congress says that on any loan or discount interest may be taken at the rate allowed by the laws of the State where the bank is located, and that when no rate is fixed by the laws of the State, the bank may charge a rate not exceeding seven per centum.

We think that it was the intent of the act of Congress to limit the rate to be taken on the discount of commercial paper to seven per cent in those States where no rate was fixed by law for the interest of money, and where a rate was fixed, to limit the national banks to such rate. In this State the rate of interest on money is limited to seven per cent per annum, and the act of Congress consequently limits the rate of discount to that rate. It is claimed by the appellant that as the State law fixes no limit to the rate which natural persons may take for the discount or purchase of existing business paper, and the taking of discount at a greater rate than seven per cent on such paper is not usurious under the State law, there is no restriction upon the rate which national banks may take on similar discounts. We cannot so construe the act of Congress. It limits the rate of interest to be taken on loans and discounts. If the rate were limited only on loans there might be some plausibility in the argument that the purchase of business paper at a discount did not fall within the limitation. But it distinctly specifies discounts as well as loans, and it is well known that the principal office of banks of discount, is to discount the business paper of their customers. The object of the statute was to limit the rate to be charged on these discounts as well as upon loans, and this rate is limited to the rate of interest fixed by the State law, for it says that the national bank may take on any discount, interest at the rate allowed by the laws of the State. This we think refers to the rate fixed by the State law for interest for the use of money, and not the rate

fixed by such law for the discount of commercial paper. If however it should be deemed to refer to the rate fixed for discounts, as well as for the use of money then as there is no rate fixed in this State for such discounts,—the provision of the act of Congress that when no rate is fixed by the laws of the State the banks may take a rate not exceeding seven per cent would apply. That the framers of the act understood that it applied to the discount of business as well as accommodation paper is apparent from the concluding provision of section 5197, viz., that the purchase, discount or sale of a *bona fide* bill of exchange, payable at another place than the place of such purchase, discount or sale, at not more than the current rate of exchange for sight drafts in addition to the interest, shall not be considered as taking or receiving a greater rate of interest. If the rate to be charged on the discount, purchase or sale of a *bona fide* bill of exchange was not restricted at all by the previous provisions as to discounts, this provision was clearly superfluous. It evidently was understood that such paper was embraced in the restrictions, and the language " purchase discount or sale of a *bona fide* bill " was employed so as to confine the privilege of including exchange in the sum charged for discount, to *bona fide* bills, drawn in the regular course of business, and to prevent its being made available to enable the banks, under the pretext of exchange, to charge additional discount on accommodation bills drawn merely for the purpose of raising money.

The effect of the act was, we consider, to restrict the rate of discount on all paper whether accommodation or business paper to the rate established by the State law for interest for the use of money, and where no such rate was established, to seven per cent per annum. The use of the word usurious at the end of section 5198, is not sufficient to govern the construction, and make it appear that the transaction must be usurious under the State law to authorize the recovery back of excessive interest paid. It is used for brevity, with reference to the preceding prohibitions, and a violation of them

may be usury under the act of Congress though not under the State law.

The judgment should be affirmed.

All concur, except Miller and Earl, JJ., absent.

Judgment affirmed.