[No. 7,292.—In Bank.]
March 15, 1882.

JOHN W. HINDS v. MANUEL MARMOLEJO ET AL.

| 60   229
| 108   151

NATIONAL BANK—LIMITATION ON RATE OF INTEREST.—Section 30 of the National Banking Act (Rev. Stats. § 5197) provides: "Every association organized under this Act may take, receive, reserve and charge on any loans  *  *  *  interest at the rate allowed by the laws of the State or Territory where the bank is located, and no more; except that where by the laws of the State, a different rate is limited for banks of issue organized under State laws, the rate so limited shall be allowed every association organized in any State under this Act."

Held: Under this section—construed with §1918 C. C.—the national banks in this State are allowed to charge and receive such rates of interest as may be agreed upon.

APPEAL from a judgment for the plaintiff in the Twentieth District Court of the County of Santa Clara. BELDEN, J.

*S. F. Leib*, for Appellant.

By the terms of Section 5197 of the Revised Statutes of the U. S., page 10,111, it appears that the rates of interest which national banks may charge is regulated by the condition of the laws of the State where the bank is located upon the general subject of interest.

It is claimed by appellants that no rate of interest is *fixed* by the laws of this State, and therefore, that clause of the section of the Revised Statutes above cited, which provides "where no rate of interest is fixed by the laws of any State, Territory or District, the bank may take, receive, reserve or charge a rate not exceeding seven per centum," limits the right of national banks upon the subject of interest, in the State of California.

At common law there were no rates of interest *fixed.* Parties might agree for the payment of any rate of interest they deemed proper, and that rate, however high, was legal.

If the statutes of the State of California had been silent upon the subject of interest, the rule of the common law would have been enforced, and parties might have agreed for the payment of any rate of interest, and it would have been allowed according to the terms of the agreement. Yet it cannot be disputed that under such circumstances, national banks would have been restricted in this State to the rate of seven per cent interest upon loans, by this clause of the National Banking Act. Otherwise it could never have any force or effect. (*Crocker* v. *First National Bank of Chetopa; Thompson Nat. Bank Cases*, 317; *In Re Wild Thompson Nat. Bank Cases*, id. 346; *Johnson* v. *Nat. Bank of Cloverdale*, 74 N. Y. 329.)

The statutes of the State of California provide that "unless there is an express contract in writing, fixing a different rate, interest is payable on all moneys at the rate of seven per cent per annum." (C. C. § 1917.) This is the only provision whereby, according to any known rules of construction, any rate of interest is *fixed* by the laws of this State.

*S. J. Hinds*, for Respondent.

The position of the respondent upon the construction of the language of this section of the National Banking Act.

which was adopted by the Court below, and the one now urged for consideration, is that in regard to the rates of interest to be charged by national banks, instead of providing rates of its own for such banks, Congress simply provided that the State regulations of interest should be the regulation for them, and that if the local governments did not see proper to regulate the matter, Congress would do so as far as the national associations were concerned. (*Tiffany* v. *National Bank of Missouri,* 18 Wall. 409; *The First National Bank* v. *Mount Pleasant,* U. S. C. C. for the Western Dist. of Penn. Bankers' Magazine, Vol. 13, No. 1, July 18, 1878; *First Nat. Bank of Mt. Pleasant* v. *Tinstman,* Bankers' Magazine, Vol. 13, No, 9, page 728.)

Ross, J.:

The sole point made by the appellants in this case is that, in this State, a national bank has no right to charge or receive a higher rate of interest upon money loaned than seven per cent per annum. Section 30 of the National Banking Act provides :

" Every association organized under this Act may take, receive, reserve and charge on any loans  *  *  *  interest at the rate allowed by the laws of the State or Territory where the bank is located, and no more ; except that where, by the laws of any State, a different rate is limited for banks of issue organized under State laws, the rate so limited shall be allowed every association organized in any State under this Act. And when no rate is fixed by the laws of the State or Territory, the bank may take, receive, reserve, or charge a rate not exceeding seven per centum."

By the first clause of this section national banks are authorized to charge and receive interest at the rate *allowed* by the laws of the State or Territory where the bank is located, and, by the last clause, when no rate is *fixed* by the laws of the State or Territory, they are allowed a rate not exceeding seven per centum. Reading the entire section, and considering the two clauses together, as they must be considered, we are of the opinion that the word "fixed" used in the last clause is used in the same sense as the word "allowed" in the first clause, and that by the words "the laws of

the State or Territory" is meant *statute* laws. In other words, that the true interpretation of the Act of Congress is, that in those States and Territories having no statute upon the subject of interest, the national banks are allowed a rate not exceeding seven per centum, while in those States and Territories having a statute on the subject, they are authorized to charge and receive interest at the rate allowed other banks and individuals. From this view it follows that inasmuch as we have in California a statute (Civil Code, Section 1918), providing "that parties may agree, in writing, for the payment of any rate of interest, and it shall be allowed according to the terms of the agreement until the entry of judgment," the national banks are also allowed to charge and receive such rates of interest as may be agreed on.

We do not find any of the authorities cited by either of the parties to this controversy directly in point, but think the views here expressed find support in the case of *Tiffany* v. *National Bank of Missouri*, 18 Wall. 409, and are not in conflict with the decision in *Johnson* v. *National Bank of Gloversville*, 74 N. Y. 329.

Judgment affirmed.

SHARPSTEIN, MCKEE, THORNTON, JJ., MORRISON, C. J., and MYRICK, J., concurred.