[No. 7,623.—In Bank.]
April 5, 1882.

## FARMERS' NATIONAL GOLD BANK *v.* HENRY STOVER ET AL.

| 60 | 387 |
| 77 | 105 |
| 60 | 387 |
| 85 | 521 |
| 60 | 387 |
| 95 | 633 |
| 60 | 387 |
| 98 | 276 |
| 60 | 387 |
| 108 | 151 |
| 60 | 387 |
| 136 | 371 |
| 60 | 387 |
| 137 | 692 |

PROMISSORY NOTE—SURETIES—PLEADING.—In an action upon a promissory note signed by S. and L. & S., the latter pleaded that they executed the note as sureties of, and for his accommodation, which fact the plaintiff well knew.

*Held:* This is not an issuable averment that the defendants contracted with the bank in the capacity of sureties for their co-obligor; it was incumbent upon them in order to set up the defense (under § 2832 C.C.), that they executed the note as sureties, to aver and prove that the payee of the note not only knew of the fact of suretyship between them and their co-obligor, but consented to deal with them in that capacity.

ID.—NATIONAL BANKS—INTEREST.—It is no defense to an action on a note made to a national bank, that the bank knowingly took a greater rate of interest than allowed by law; the remedy in such a case is to recover back twice the amount paid.

ID.—ID.—ID.—National Banks in this State may charge and receive such rates of interest as may be agreed upon in writing, pursuant to § 1918 C. C.

ID.—PAYMENT—NOVATION—VARIANCE—AMENDMENT OF PLEADING.—Under the issue of payment, evidence was introduced by L. & S. tending to prove that S. executed and that the bank took as a substitution for and in full payment and satisfaction of the note sued on, his individual note secured by mortgage on his homestead and other property, and the evi-

dence being objected to as inadmissible under the pleadings, asked leave to amend their answer so as to allege the facts proven by the evidence; but the Court excluded the evidence and denied the motion to amend.

*Held:* If the note and mortgage were in fact taken as a substitute for the note in dispute with the intent of extinguishing the obligation of it or releasing the parties to it, the transaction constituted a defense by way of novation under §§ 1530-32 C. C.; and conceding the evidence to have been inadmissible under the plea of payment, the Court should have allowed the pleadings to be amended so as to conform to the facts proved by it.

AMENDMENT—DISCRETION OF COURT.—When, in the course of a trial, it is discovered that pleadings are so defective that the real subject of dispute cannot be finally determined, the Court, if an application is made therefor, should allow amendments on such terms as may be just.

ID.—ID.—The fact that the new matter set up by way of amendment was known to the defendant at the time of filing his original answer, is no good reason why the amendment should not be permitted.

ID.—ID.—An amendment of pleadings should be allowed at any stage of the trial when it is necessary for the purposes of justice, and whenever it is not done, it is error.

APPEAL from a judgment for the plaintiff in the Superior Court of Santa Clara County.

*W. L. Gill* and *Burt & Fister*, for Appellants.

The facts set forth in the second defense of appellants' answer constituted a defense to the action, and the Court erred in sustaining the demurrer of plaintiff to it. The defense alleges that Luther & Schroeder executed the note as sureties, and for the accommodation of Stover, and not as principal debtors. Giving the case of *Harlan* v. *Ely*, 55 Cal. 340, its widest scope, the allegations of the defense made appellants sureties as to the plaintiff and the extension discharged them. (Parsons on bills and notes, Vol. i, (2nd Ed.) 233, 234, and note (e).

This is shown by Sections 2831 and 2832 of the Civil Code when read together. That Section 2831 contemplates only the relative positions of the party becoming responsible, and the party for whose benefit the responsibility is assumed toward each other, in order to determine whether a person is a surety as known to our statutes, is shown by section 2832 where it says that a party who is a surety in fact, though apparently a principal debtor, may show that he is a surety [evidently for the purpose of insisting upon his rights as such] "except as

against persons who have acted on the faith of his apparent character of principal."

With deference to the Court, it seems to us that the case of *Harlan* v. *Ely*, has placed a wrong construction upon § 2832 of our Civil Code, and that the error should be corrected on the appeal in this case.

That national banks have no right to charge interest when carrying on business in this State at a greater rate than seven per centum per annum, we think established by the authorities of appellant in the case of *Hinds* v. *Marmalejo*, to be argued with this case, and we are unable to add anything to the points made and authorities cited by the learned counsel for the appellant in that action, except that the case of *Johnson* v. *Bank of Glover Dale*, cited by appellant in that action has been, according to newspaper reports, affirmed by the Supreme Court of the U. S. to which an appeal was taken. (*Lucas* v. *Government Nat. B'k of Pottsville*, 78 Pa. St. 228; *Overholt* v. *Nat. B'k of Mount Pleasant*, 82 id. 490; *Cake* v. *First Nat. B'k of Lebanon*, The Reporter, vol. 5, 509; *Archer* v. *McCray*, id. 686; *Nat. B'k of Auburn* v. *Lewis*, The Reporter, vol. 8, 84; *Nat. B'k of Winterset* v. *Eyre*, The Reporter, vol 9, 83; *Bank* v. *Slemmons*, The Reporter, vol. 7, 118; *Wilkinson* v. *Wooten*, The Reporter, vol. 6, 197; *Walter* v. *Breisch*, id. 30; *Treadwell* v. *Archer*, The Reporter, vol. 7, 691; *Nat. B'k of Madison* v. *Davis*, The Reporter, vol. 5, 258; *First Nat. B'k of Peterborough* v. *Childs*, The Reporter, vol, 11, 637; *Moniteau Nat. B'k* v. *Miller*, id. 847.)   The Court erred in sustaining the objection to the admission of the evidence offered by the appellants to prove payment of the note sued on herein, by the note and mortgage of Stover, dated February 14, 1878, for the testimony was admissible under the denial of nonpayment.

The allegation of nonpayment meant more than nonpayment in money merely; it meant nonpayment in any species of property. (*Brown* v. *Orr*, 29 Cal. 120; *Wetmore* v. *San Francisco*, 44 id. 301; *Davanay* v. *Eggenhoff*, 43 id. 397; *Frisch* v. *Caler*, 21 id. 71; Bliss on C. P., §§ 357, 358; *Boyd* v. *Weeks*, 2 Denio, 322; *Wheeler* v. *Billings*, 38 N. Y. 263; *Greenfield* v. *Mass. Life Ins. Co.*, 47 id. 430; *Farmers' and Citizens' B'k* v. *Sherman*, 6 Bosw. 181; S. C., 33 id. 69; Wait's

Actions and Defenses, vol. 7, p. 423, citing *Hamilton* v. *Moore*, 4 Watts. & Serg. 570.)

If the Court did not err in excluding the testimony, it was an abuse of discretion to deny appellant's motion to amend. (C. C. P. § 473; *Polk et al.* v. *Coffin et al.* 9 Cal. 56; *Stringer* v. *Davis*, 30 id. 320; *Bell* v. *Knowles*, 45 id. 194; *Lestrade* v. *Barth*, 17 id. 286; *Roland* v. *Kreyenhagen*, 18 id. 455.)

*Geo. F. Baker*, for Respondent.

It was not error to refuse to allow appellants to introduce evidence showing an accord and satisfaction when payment only was pleaded. According to the definition of "payment," adopted by our Code, it is clear that when payment is alleged or claimed, nothing can be shown but delivery of money in performance of the obligation. (C. C. § 1478; *Manice* v. *H. R. R. Co.*, 3 Duer, 441; *Coles* v. *Soulsby*, 21 Cal. 47; *Moss* v. *Shear*, 30 id. 472.)

The Court below did not err in refusing to allow appellants' motion to amend their pleading so as to show an accord and satisfaction. Such a motion is addressed to the sound legal discretion of the Court, and its ruling will not be regarded as error unless there should be an abuse of discretion. (*Harding* v. *Minear*, 54 Cal. 502.)

The evidence offered by appellants would not support the allegations of the proposed amendment, and the denial of appellant's motion did them no wrong. In a very recent case this Court has decided that an accord without satisfaction does not constitute a good defense to an action upon the original obligation. (*Simmons* v. *Hamilton*, 56 Cal. 493.)

No presumptions are allowed in support of such a case as appellants wished to make out, but it must rest in very strong evidence. (2 Parson's Notes and Bills, 164; *Hutchings* v. *Castle*, 48 Cal. 152.)

All the authorities negative the proposition of any payment or satisfaction of the note in suit. (*Okie* v. *Spencer*, 2 Whart. 253; *Tarleton* v. *Allhusen*, 2 A. & E. 32; *Olcott* v. *Rathbone*, 5 Wend. 490; *Pratt* v. *Foote*, 12 Barb. 209; *Lumley* v. *Musgrave*, 4 Bing. N. C. 9; S. C., 5 Scott, 230; 2 Parsons' Contracts, 685.)

But it is contended that appellants were merely sureties, and are not liable as principals. This position cannot be maintained under the Code. They are estopped to deny that they are principals. (Civil Code, Sec. 2832; *Harlan* v. *Ely*, 55 Cal. 340.)

In this State national banks may charge and receive such rate of interest as may be agreed upon in writing. (*Tiffany* v. *Nat. Bank of Mo.*, 18 Wall. U. S. 413; Rev. Stat. U. S., Sec. 5197; C. C. §§ 1918, 1917; *Wiley* v. *Starbuck*, 44 Ind. 304; *Newell* v. *Nat. Bank of Somerset*, 12 Bush (Ky.), 60, 61.)

McKee, J.:

Action to recover balance due upon the following promissory note:

" $2,000.                    San Jose, December 24, 1877.

" On March 24, 1878, at three o'clock P. M., on that day (no grace), for value received, in gold coin of the Government of the United States, we, or either of us, promise to pay to the order of Farmers' National Gold Bank, in this city, two thousand dollars, with interest from date at the rate of $1\frac{1}{4}$ per cent per month until paid, payable monthly; both principal and interest payable alike in gold coin.

" H. Stover,<br>" Luther & Schroeder."

Stover made default: Luther & Schroeder plead: 1. Payment. 2. Execution of the note by them as sureties for Stover, and subsequent release. 3. Negligent forbearance to sue their principal when solvent. 4. Willful violation by the plaintiff of the law of Congress under which plaintiff had organized, in charging and collecting usurious rates of interest. 5. A counter-claim.

To the counter-claim and all the defenses set up in the answer a demurrer was interposed by the plaintiff, and was sustained by the Court, except as to the plea of payment. Counsel for defendants concede that the demurrer was properly sustained as to the third defense and the counter-claim, but contend that it was improperly sustained as to the second and fourth defenses. But the ruling of the Court was correct as to the second defense, because the facts alleged in the

answer were insufficient to constitute the defense. The allegation of the answer is, "that the defendants executed the note as sureties of Stover and for his accommodation, which fact the plaintiff well knew." That is not an issuable averment that the defendants contracted with the bank, at the time of the execution and delivery of the note, in the capacity of sureties for their co-obligor. The mere fact that the bank knew that the relation of sureties and principal existed between them and Stover, does not, in itself, show that the bank consented to deal with them in the capacity of sureties. According to the face of the note the bank dealt with them as principals only; for as such they apparently executed and delivered the note. If, in fact, however, the bank dealt with them in a different capacity—as sureties and not as principals —it is incumbent upon them, where they seek, under Section 2832 of the Civil Code, to set up as a defense to an action upon the note, that they executed it as sureties, to aver and prove that the payee of the note not only knew of the fact of suretyship between them and their co-obligor, but consented to deal with them in that capacity; for all the parties to a contract must agree upon the same thing in the same sense. (§ 1580 C. C.) In the absence of issuable averments of facts showing such a contract between them and the plaintiff, the pleading is demurrable.

As to the fourth defense, it appears by the answer, that the note in controversy is the last of a series of twelve notes, each of which, except the first, had been given by the same parties for the same capital sum, in renewal of its preceding note; and upon the execution and delivery of the renewal note and the payment of interest due upon its preceding note, the preceding note itself was cancelled and surrendered. The first note of the series was given in September, 1874. A renewal note was given every few months thereafter; and the bank charged and collected at the time of each renewal, interest on .the preceding note at the rate of one and a quarter per cent. per month until February 15, 1877, when, by an agreement between plaintiff and Stover, the rate was reduced to one per cent. per month.

Assuming for the purposes of the demurrer, that the bank knowingly took and was paid a greater rate of interest than

that allowed by the law of the State, that did not constitute a defense to the action, either by way of set-off or payment of the promissory note in suit. "The remedy given by the statute for the wrong," say the Supreme Court of the United States, in *Barnet* v. *National Bank*, 98 U. S. 555, "is a penal suit. To that the party aggrieved must resort. He can have redress in no other mode or form of procedure." And in the *National Bank of Auburn* v. *Lewis*, 81 N. Y. 15, it was held, that, in an action brought to recover the amount of a promissory note discounted by a national bank, it is not allowable to set up, by way of counter-claim or set-off, that the bank in discounting a series of notes, the proceeds of which were used to pay other notes, knowingly took a greater rate of interest than allowed by law. The remedy in such a case is to recover back twice the amount paid.

Besides, in *Hinds* v. *Marmolejo, ante*, 229, we have held that national banks in this State may have, charge, and receive such rate of interest as may be agreed upon in writing pursuant to Section 1918 of the Civil Code. The demurrer as to those defenses, was, therefore, properly sustained.

On the issue of payment the parties went to trial. At the trial defendants gave evidence which tended to prove that in February, 1878, soon after the execution and delivery of the note in suit, and before it became due, Luther & Schroeder became insolvent. Upon the happening of that event, the Cashier of the bank called upon Stoever to know what he was going to do about payment of the note. Stover, although the note was not due, proposed to give for it his individual note secured by mortgages if the bank would reduce the rate of interest to one per cent. per month. The proposal seems to have been accepted, for, in pursuance of it, Stover executed and delivered to the bank his individual note for two thousand dollars, with interest at one per cent per month, payable one year after date, and as security for its payment, executed and recorded for the bank a mortgage upon his homestead and other property. That mortgage after it was recorded, he delivered to the bank, February 15, 1878, and demanded a surrender of the old note—the note in controversy—which the bank refused, on the ground, "that it

was not customary for banks to give up notes until they became due."

Under those circumstances the note remained in the bank—the bank inserting at the foot of it in red ink : "To bear interest at one per cent per month from February 15, 1878." When the note became due Stover did not demand its surrender; the bank did not cancel or surrender it, nor were any steps taken to enforce it against the makers, until after the Stover note became due, when the bank foreclosed the Stover mortgage, sold the mortgaged premises under the decree of foreclosure, applied the proceeds of the sale towards the satisfaction of the decree, and, also, as a credit upon the note in suit ; had judgment entered against Stover for the deficiency, and then brought this action upon the note in controversy.

To this evidence plaintiff's counsel objected that it was inadmissible under the pleadings. When the objection was made, defendants' counsel moved the Court for leave to amend their answer by inserting the following :

"For another and separate defense herein, said defendants aver and allege: That on the fourteenth day of February, A. D., 1878, their co-defendant, Henry Stover, who was also their co-maker in the note sued on herein, at the request of the plaintiff, executed and delivered to one W. D. Tinsdale, the agent and cashier of plaintiff, his, said Stover's promissory note, secured by a mortgage upon certain real estate in the city of San Jose, county of Santa Clara, State of California, belonging to said Stover, which said note was for two thousand dollars, gold coin of the United States, payable one year after date thereof, with interest at the rate of one per cent. per month from date until paid.

"That it was expressly agreed by said plaintiff and said Stover that said note and the mortgage security were taken by plaintiff as a substitution for, and in full payment and satisfaction of, the note sued on herein.

"That these defendants, so far as they were concerned, fully ratified and confirmed the aforesaid acts of Stover in regard to the payment of the said note sued on herein, long before the commencement of this action."

The Court reserved the motion, permitted the evidence to be given, but, at the close of defendants' case, excluded the

evidence and denied the motion to amend, upon the ground that "the defense was one which did not commend itself to the justice of the Court;" and, upon motion of the plaintiff, the evidence was stricken out, and the jury directed to return a verdict for the plaintiff, which was done.

This was error. The evidence which was admitted and afterwards excluded, tended to prove that the bank had accepted the individual note and mortgage of Stover as a substitute for the note in suit, for the purpose of extinguishing the obligation arising from it, or of releasing the parties to it who had become insolvent. If the note and mortgage were, in fact, taken as a substitute for the note in dispute, with the intent of extinguishing the obligation of it, or releasing the parties to it, the transaction constituted a defense by way of novation, under Sections 1530, 1531, 1532 of the Civil Code; and the defendants were entitled to have it presented to the consideration of the jury upon the evidence adduced to sustain it. It may be conceded that the issue was not properly framed so as to admit of the evidence, yet, as it had been offered and was admitted, the Court should have allowed the pleadings to be amended so as to conform to the facts proved by it.

In *Kirstein* v. *Madden*, 38 Cal. 158, where the denials of the answer on file were insufficient to raise an issue, and the plaintiff moved for judgment on the pleadings, which was met by a counter motion to file an amended answer, the trial Court refused leave to amend, and entered judgment for the plaintiff. That judgment the Supreme Court reversed, saying : "We think the defendant ought to have been permitted to amend his answer. From oversights of counsel committed under pressure of business, pleadings are often defective. In such cases, when an offer to amend is made, at such a stage in the proceedings that the other party will not lose an opportunity to fairly present his own case, amendments should be allowed with great liberality."

In *Stringer* v. *Davis*, 30 id. 318, it is said: "When in the course of a trial it is discovered that pleadings are so defective that the real subject of dispute cannot be finally determined, the Court, if an application is made therefor, should allow amendments on such terms as may be just." The fact

that the new matter set up by way of amendment was known to the defendant at the time of filing his original answer, is no good reason why the amendment should not be permitted. (*Pierson* v. *McCahill*, 22 Cal. 127.) An amendment of pleadings should be allowed at any stage of the trial when it is necessary for the purposes of justice. (*Peters* v. *Foss*, 16 Cal. 357; *Lestrade* v. *Barth*, 19 id. 660;) and whenever it is not done, it is error. (*Connalley* v. *Peck*, 3 Cal. 82; *Tyron* v. *Sutton*, 13 Id. 494; *Hooper* v. *Wells, Fargo & Co.*, 27 Id. 35.)

Judgment reversed and cause remanded.

MORRISON, C. J., and ROSS, McKINSTRY, MYRICK, and SHARPSTEIN. JJ., concurred.