[No. 1619. Decided February 7, 1895.]

W. M. WOLVERTON, *Respondent*, v. THE EXCHANGE NA-
TIONAL BANK OF SPOKANE, *Appellant*.

NATIONAL BANKS — INTEREST ALLOWED ON LOANS.

A national bank may, under §§ 5197, 5198, Rev. St. U. S., charge
any rate of interest allowed by the statutes of the state in which it is
located to be charged by private banks or individuals.

*Appeal from Superior Court, Spokane County.*

. *Jones, Voorhees & Stephens*, for appellant.

*Jones, Belt & Quinn*, for respondent:

The laws of this state have fixed and established a
rate of interest, viz., the legal rate, and national banks
are limited to that rate. *Yakima National Bank v.
Knipe*, 6 Wash. 348.

If the legal rate is not the established rate contem-
plated by § 5197 of the Revised Statutes of the United
States, then the limitation of seven per centum provided
in the second clause of that section applies. *National
Bank of Gloversville v. Johnson*, 104 U. S. 271; *In re
Wild*, 11 Blatch. 243; *Stocker v. First National Bank of
Chetopa*, 1 Thompson, National Bank Cases, p. 317;
*First National Bank of Clarion v. Gruber*, 87 Pa. St.
468; *Merchants' National Bank v. Sevier*, 14 Fed. 662.

The opinion of the court was delivered by

GORDON, J.—This action is based upon §§ 5197 and
5198 of the Revised Statutes of the United States, and
is brought by the respondent against the appellant, a
national bank organized and incorporated under the
laws of congress, to recover double the amount of in-
terest paid by respondent to appellant in excess of

seven per cent., within two years prior to the commencement of the action.

To the complaint the appellant entered a general demurrer, which being overruled below, he excepted, and electing to stand thereon, judgment was rendered in favor of respondent for the sum of $2,568 and costs; from which order and judgment this appeal is prosecuted.

The sole question for our determination in this case is whether a national bank has a right in this state to charge or receive a higher rate of interest upon money loaned than seven per cent. per annum.   For a determination of this question it is necessary to consider §§ 5197 and 5198 of the Revised Statutes of the United States, which are as follows:

"SEC. 5197.  Any association may take, receive, reserve, and charge on any loan or discount made, or upon any note, bill of exchange, or other evidences of debt, interest at the rate allowed by the laws of the state, territory or district where the bank is located, and no more, except that where by the laws of any state a different rate is limited for banks of issue organized under state laws, the rate so limited shall be allowed for associations organized or existing in any such state under this title. When no rate is fixed by the laws of the state, or territory, or district, the bank may take, receive, reserve or charge a rate not exceeding seven per centum, and such interest may be taken in advance, reckoning the days for which the note, bill or other evidence of debt, has to run.  And the purchase, discount or sale of a *bona fide* bill of exchange, payable at another place than the place of such purchase, discount or sale, at not more than the current rate of exchange for sight drafts in addition to the interest, shall not be considered as taking or receiving a greater rate of interest.

"SEC. 5198.  The taking, receiving, reserving, or charging a rate of interest greater than is allowed by the preceding section, when knowingly done, shall be

deemed a forfeiture of the entire interest which the note, bill or other evidence of debt carries with it, or which has been agreed to be paid thereon. In case the greater rate of interest has been paid, the person by whom it has been paid, or his legal representatives, may recover back, in an action in the nature of an action of debt, twice the amount of the interest thus paid from the asociation taking or receiving the same; provided such action is commenced within two years from the time the usurious transaction occurred. [That suits, actions, and proceedings against any association under this title may be had in any circuit, district or territorial court of the United States held within the district in which such association may be established, or in any state, county or municipal court in the county or city in which said association is located having jurisdiction in similar cases.]"

Prior to June 7, 1893, and for a portion of the time embraced within the complaint in this action, §§ 2795 and 2796, Gen. Stat., were in force, which sections read as follows:

"SEC. 2795. The legal rate of interest shall be ten per centum per annum.

"SEC. 2796. Any rate of interest agreed upon by parties to a contract, specifying the same in writing, shall be valid and legal."

The act which went into effect June 7, 1893, is as follows:

"SEC. 1. The legal rate of interest shall be eight per cent. per annum.

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

"SEC. 3. Any rate of interest agreed upon by parties to a contract   .   .   .   specifying the same in writing, shall be valid and legal." (Laws 1893, p. 29.)

Notwithstanding this federal statute ( § 5197 ) has been in existence for upwards of thirty years, and has been construed by various state courts, the question for decision here has never been passed upon by the su-

preme court of the United States; and we cannot agree with the contention of the respondent that the decision in *National Bank v. Johnson,* 104 U. S. 271, is decisive of this question, or that it is authority upon it. The questions involved in that case and the principles therein discussed are not analogous to the case presented here. The construction which has been given this statute by the highest courts of those states whose statutory provisions concerning interest are similar to our own, is adverse to the position of the respondent here. Such has been the holding in *Hinds v. Marmolejo,* 60 Cal. 229; *National Bank v. Bruhn,* 64 Tex. 571; *Guild v. First National Bank of Deadwood,* 57 N. W. ( S. D.) 499; *Rockwell v. Farmers' National Bank,* 4 Col. App. 562 ( 36 Pac. 905 ); and if a different conclusion has been reached by a court of last resort in any state we have not found it, nor have we been referred by counsel to any such decision.

The construction placed upon this statute, § 5197, in the California case, *supra,* and which has been followed in all of the other cases above cited, is stated in brief in the following language, found on page 231:

" By the first clause of this section national banks are authorized to charge and receive interest at the rate *allowed* by the laws of the state or territory where the bank is located, and, by the last clause, when no rate is *fixed* by the laws of the state or territory, they are allowed a rate not exceeding seven per centum. Reading the entire section and considering the two clauses together, as they must be considered, we are of the opinion that the word ' fixed ' used in the last clause is used in the same sense as the word ' allowed ' in the first clause."

It is conceded by respondent that a private banker or individual or state bank could, under the laws of this state, legally receive any rate of interest that might be

contracted in writing to be paid; and it seems to us that it was the intention of congress to place national banks on the same footing, viz., that they should not be permitted to take more, nor required to accept less, than by the laws of a given state private banks or individuals are permitted to take or receive; but that they should stand on a footing of equality with natural persons or domestic institutions.

It would serve no useful purpose to review these cases in detail, or to enlarge upon the views already expressed.   The interpretation placed upon this statute by the various courts has become so generally received and accepted as to render any different construction of it by a state court productive of great confusion and disorder; a result not justified in the view which we take of the question, both upon the reasoning and authorities.   As is said by the supreme court of Colorado, in *Rockwell v. Farmers' National Bank, supra:*

"It is of greater interest to the mercantile community, as well as to the legal profession, that the law should be uniformly declared than that it should be always absolutely accurate."

The necessity of having an established rule to which persons become accustomed, and to which they conform in the transaction of their business, is so great that, when so established, it should not be changed until it is made to appear to be clearly erroneous, or to be doubtful, and more productive of mischief than a change and the establishment of a new rule.

The judgment is reversed, and the cause remanded with directions to the lower court to sustain the demurrer to the complaint.

Hoyt, C. J., and Scott, Anders and Dunbar, JJ., concur.