[No. 19353.  Department One.—July 16, 1895.]

## CALIFORNIA NATIONAL BANK OF SAN DIEGO, RESPONDENT AND APPELLANT, v. JOHN GINTY ET AL., APPELLANTS AND RESPONDENTS.

PROMISSORY NOTE—PRINCIPAL AND SURETY.—One who signs a promissory note as a principal is liable as such to the payee, notwithstanding the latter knew that as between the one thus signing and the principal debtor the former was in fact only a surety.

ID.—NATIONAL BANK—RATE OF INTEREST. — Under section 5197 of the United States Revised Statutes, and section 1918 of the Code of Civil Procedure, a national bank situated and doing business in this state is authorized to charge and receive such rate of interest as may be agreed upon.

DEBTOR AND CREDITOR — COLLATERAL SECURITY—APPLICATION OF SECURITY.—Where a creditor holds two notes or obligations, one better secured than the other, and has collateral security for both alike, he has a right, in the absence of any modifying agreement, to have the collateral applied upon the obligation which is most precarious by reason of being least secured.

ID.—RENEWAL OF OBLIGATION.—Certain property was pledged for the security of a debt evidenced by a note signed by three persons as principals. Subsequently a part payment of the debt was made, and for the balance two notes were given, one of which was signed by all of the parties to the original note and the other by only one of them. After the first delivery of the property in pledge no change was made by the parties

as to the purposes or conditions upon which it was pledged. *Held,* That
the pledged property should be applied to the payment of the note
having the single maker, and that the right of the payee of the notes to
such application was not affected by the fact that, as between them-
selves, two of the makers of the first note were sureties for the other,
and that the pledge was intended to be security for their protection as
such sureties.

PRACTICE—NEW TRIAL—JUDGMENT.—A motion for a new trial is not neces-
sary to review an objection to a judgment which appears upon the face
of the findings.

APPEALS from a judgment of the Superior Court of
San Diego County and from an order refusing a new
trial.   GEORGE PUTERBAUGH, Judge.

The facts are stated in the opinion of the court..

*Luce & McDonald,* and *C. H. Rippey,* for *John Ginty,
et al.,* Defendants.

*Hunsaker, Britt & Goodrich,* for Plaintiff.

VAN FLEET, J.—Action to recover on two promissory
notes, one for seven thousand three hundred and fifty
dollars, dated December 20, 1890, due in six months,
with interest at ten per centum per annum, signed by
Livingston, Clarke & Co., John Ginty, and M. A. Luce;
and the second for five thousand dollars, of even date
with the first and like rate of interest, due three months
from date, signed by Livingston, Clarke & Co. only; and
to subject certain primavera logs, pledged as security
for the payment of said notes, to sale, and the applica-
tion of the proceeds to the satisfaction of the indebted-
ness.   Judgment went for plaintiff for the amount of
the notes and interest as stipulated, and directing a sale
of the logs.

There are cross-appeals, the defendants Ginty and
Luce appealing from the judgment and an order deny-
ing them a new trial, and the plaintiff appealing from
that part of the judgment which directs the manner in
which the proceeds of the pledged property shall be
applied.

The appeal of Ginty and Luce involves but two

questions: 1. Whether they were correctly held to be principals upon the note signed by them; and 2. Whether the court below ruled properly in allowing interest on said note. The defense relied upon by them was that they signed the note for seven thousand three hundred and fifty dollars, as sureties for Livingston, Clarke & Co., with the knowledge of that fact by plaintiff, and with the understanding that plaintiff was to hold them as sureties only; that plaintiff had released Livingston, one of the principals on said note, and that they as sureties were thereby discharged of any liability. The court found that, as to plaintiff, Ginty and Luce executed the note as principals thereon, and that plaintiff dealt with them as principals and not as sureties; that as between Livingston, Clarke & Co. and Ginty and Luce the latter were sureties, and that this fact was known to plaintiff at the time of the execution of the note. The court also found that the release of Livingston was with the consent of Ginty and Luce. It is contended by these appellants that the evidence is insufficient to support the finding that they executed the note as principals and that the plaintiff dealt with them as such. An examination of the evidence satisfies us that this contention cannot obtain. Indeed, taking all the circumstances attending upon the transaction from its origin into consideration, and it is doubtful if an opposite conclusion to that reached by the trial court could find substantial sanction in the evidence. However that may be, there is at least a substantial conflict on the point, and under the well-settled rule of this court the finding cannot be disturbed. It is further urged, however, that the fact that plaintiff was aware at the execution of the note that these defendants were merely sureties for Livingston, Clarke & Co. was sufficient of itself, independently of any agreement by plaintiff to that effect, to make said defendants sureties as to the plaintiff. We do not understand such to be the law. To the contrary, we understand the rule to be that where one signs as principal he will be held as

such, notwithstanding the creditor knew that as between the one thus signing and the principal debtor the former was in fact only a surety. This principle is well settled. (*Harlan* v. *Ely*, 55 Cal. 340; *Aud* v. *Magruder*, 10 Cal. 282; *Damon* v. *Pardow*, 34 Cal. 278; *Shriver* v. *Lovejoy*, 32 Cal. 575.) Ginty and Luce having signed as makers, and being such as between themselves and the plaintiff, it becomes immaterial to discuss the question as to what the effect of the release of Livingston by plaintiff would have had upon their rights as sureties.

The objection that the court erred in allowing plaintiff interest upon its notes is based upon the contention that under section 5197 of the Revised Statutes of the United States it is not competent for a national bank to charge or reserve a higher rate of interest upon its loans than that fixed by the law of the state as the legal rate—seven per cent; and that by contracting for a higher rate the plaintiff forfeited its right to the entire interest provided for. This question depends upon whether a national bank can lawfully charge a rate of interest in excess of that allowed by the federal statute, when such excess can be lawfully contracted for under the statute of the state in which the bank is situated and doing business. The question has been expressly decided in the affirmative by this court. (*Hinds* v. *Marmolejo*, 60 Cal. 229; *Farmers' Nat. Bank* v. *Stover*, 60 Cal. 387.) In *Hinds* v. *Marmolejo, supra*, it is said: " That the true interpretation of the act of Congress is that, in those states and territories having no statute upon the subject of interest, the national banks are allowed a rate not exceeding seven per centum; while, in those states and territories having a statute on the subject, they are authorized to charge and receive interest at the rate allowed other banks and individuals." And it is held that in view of section 1918 of our Civil Code, giving parties the right to contract for a higher rate, national banks are also at liberty to receive such rate as may be agreed upon. This doctrine was af-

firmed in *Farmers' Nat. Bank* v. *Stover, supra,* and is in accord with decisions elsewhere. (*Tiffany* v. *National Bank,* 18 Wall. 409; *Wiley* v. *Starbuck,* 44 Ind. 298; *Rockwell* v. *Farmers' Nat. Bank,* 4 Col. App. 562. The cases cited by defendants do not sustain a contrary view.

The appeal by plaintiff involves the question of the proper application of the proceeds of the pledged property. The prayer of the complaint was that such proceeds be applied: 1. To the payment of the principal and interest of the five thousand dollar note, executed by Livingston, Clarke & Co., and 2. To the satisfaction of the seven thousand three hundred and fifty dollar note and interest, executed by Livingston, Clarke & Co. and Ginty and Luce. The judgment directed the application of such proceeds to be made first to the liquidation of the latter note, and of this plaintiff complains as error. The logs were the property of Livingston, Clarke & Co., and were originally pledged as security for a debt of sixteen thousand six hundred and forty dollars, owing to plaintiff from said Livingston, Clarke & Co., evidenced by a note for that amount signed by Livingston, Clarke & Co. and Ginty and Luce. This note was subsequently renewed by the same makers, but thereafter, on the twentieth day of December, 1890, by an arrangement between the parties thereto, the last mentioned note was retired by the payment thereon of five thousand dollars in cash and the making of the two notes in suit. After the first delivery of the logs in pledge no new arrangement or contract was made by the parties as to the purposes or conditions upon which they were to be held, but they continued to be held in the same manner as when first delivered. Upon these facts plaintiff contends that it was entitled under the law to have the proceeds of the pledged property applied first to the liquidation of the unsecured five thousand dollar note, signed only by Livingston, Clarke & Co., and in this we think plaintiff must be sustained. The logs were originally hypothecated as security for the whole debt due

from Livingston, Clarke & Co. to the bank.   This security was not affected by the giving of the new notes in renewal or extension of the indebtedness.   As urged by plaintiff, there being no new contract between the parties as to the purposes of the pledge, it remained as security for the debt, which was the same *debt*, although evidenced by new notes. (*Collins* v. *Dawley*, 4 Col. 138; 34 Am. Rep. 72; *Shrewsbury Sav. Inst. Appeal*, 94 Pa. St. 309; *Dayton Nat. Bank* v. *Merchants' Nat. Bank*, 37 Ohio St. 208.)   The pledge stood, therefore, as security for both notes, and the case falls within the doctrine that where a creditor holds two notes or obligations, one secured better than the other, and has collateral security for both alike, he has a right, in the absence of any modifying agreement, to have the collateral applied upon the obligation which is most precarious by reason of being least secured.   (*Murdock* v. *Clarke*, 88 Cal. 384; *Field* v. *Holland*, 6 Cranch, 8; *Wood* v. *Callaghan*, 61 Mich. 412; 1 Am. St. Rep. 597; *Morrison* v. *Citizens' Nat. Bank*, 65 N. H. 253; 23 Am. St. Rep. 39.)

The fact that, by the terms of the pledge, the logs were intended to be security for the protection of Ginty and Luce, as sureties for Livingston, Clarke & Co., as well as the plaintiff, cannot affect the rights of the latter in the premises.   As between plaintiff and Ginty and Luce, the latter being makers on the note, the plaintiff is entitled to the same protection in all respects as against Livingston, Clarke & Co.

It was not essential for plaintiff, in order to avail itself of the objection made to the judgment, to move for a new trial.   The error arises upon the face of the findings.

The superior court is directed to modify its judgment so as to direct the proceeds to be derived from a sale of the logs to be first applied to the satisfaction of the amount found due for principal and interest on the five thousand dollar note, and, as thus modified, the judgment will stand affirmed.

HARRISON, J., and GAROUTTE, J., concurred.