JAMES B. NAYLOR. v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF GRAY.

#### No. 310.

FEES AND SALARIES — *County Attorney —Power of County Board.*
Under the provisions of paragraph 1799, General Statutes of 1889, a board of county commissioners of a county the population of which was between 1000 and 5000 was given the authority and discretion to fix the salary of the county attorney of such county at a less sum than $400.

Error from Gray district court; FRANCIS C. PRICE, judge.  Opinion filed March 20, 1899.  Affirmed.

*James B. Naylor*, *John Harper*, and *Peters & Nichol-son*, for plaintiff in error.

·*Harry Brice*, county attorney, and *H. F. Mason*, for defendant in error.

The opinion of the court was delivered by

MILTON, J.: This action was brought by the plaintiff in error to recover the sum of $800, alleged to be due him as salary for the years 1895 and 1896 as county attorney of Gray county. In October, 1894, the board of county commissioners of Gray county fixed· the salary of the county attorney at $280 per year, and thereafter the plaintiff in error was elected to that office, and served for the years stated. The statute under which the commissioners purported to act was paragraph 1799 of the General Statutes of 1889 (Gen. Stat. 1897, ch.·30, §§ 66, 67, 68,) which reads :

" The county attorneys of the several counties of this state shall be allowed by the board of county commissioners, as compensation for their services, as salary, per year, as follows : In counties of from 1000 to 5000 inhabitants, not more than $400 ; provided, that in any county which shall have attached thereto six or more unorganized counties for judicial purposes the compensation shall be $700 ; from 5000 to 7500 inhabitants, $400 ; from 7500 to 10,000 inhabitants, $500 ; from 10,000 to 12,500 inhabitants, $700 ; from 12,500 to 15,000 inhabitants, $1200 ; . . . 25,000 inhabitants and upwards, $2000.''

At the regular meeting of the board of ·commissioners of said county, in April, 1895, the plaintiff in error filed his voucher for $100, the sum he claimed to be due as his salary for the first quarter of the year, which claim, as presented, the county commissioners declined to allow, but instead allowed seventy dollars,

Naylor v. Gray County.

for which they issued a county warrant in due form, payable to the order of the plaintiff in error.   He refused to accept the warrant, and for each of the succeeding quarters of the year 1895 and of the year 1896 presented his voucher for $100, with precisely the same result.

The eight vouchers filed by the plaintiff in error were annexed to his petition as exhibits, and the eight warrants for seventy dollars, each drawn in his favor by order of the board of county commissioners, were attached as exhibits to the answer of the defendant board.   The case was submitted to the court on the pleadings, and judgment was entered in favor of the defendant for costs.

As the record is presented to us for review, it consists of a transcript, duly certified, a case-made, and a petition in error, all separate.   The defendant in error has moved to dismiss the proceedings in error for the reason that neither the transcript nor the case-made is attached to the petition in error, and for the further reason that the case-made is invalid because not served within the time allowed by the trial court.   On the 31st day of May, 1897, plaintiff below was given ninety days in which to make and serve the case, and service thereof was made on August 31, 1897.   Excluding May 31 and including August 31, we find that the case-made was not served within ninety days, as provided for in the order of the court.   It is therefore invalid.   (*Ætna Life Ins. Co. v. Koons*, 26 Kan. 215 ; *Gimbel v. Turner*, 36 id. 679, 14 Pac. 255.)

The transcript bears evidence of having been attached to the petition in error, though in a careless manner.   We have therefore decided to determine the case upon its merits.   Counsel for plaintiff in error contend that while, under the constitution of the state, the leg-

islature may confer on tribunals transacting the county business of the several counties such power of local legislation as it shall deem expedient, the legislature has not in fact conferred on the boards of county commissioners the power to fix the salary of county attorneys in counties of from 1000 to 5000 inhabitants. Counsel would read the statute as follows :

"The county attorneys of this state shall be allowed by the boards of county commissioners as compensation for their services, as salary per year, in counties of from 1000 to 5000 inhabitants, $400."

It is argued that the statute does not confer a discretion on the board of county commissioners to fix the salary of a county attorney at less than $400 per year, but it forbids their allowing more that sum. We are unable to adopt this view ; for if the statute be so construed, the salary to be allowed to county attorneys would be $400, irrespective of the population of the county, unless such population should exceed 7500 inhabitants.   Such construction would also eliminate, as meaningless, a considerable portion of the statute.   The apparent intention of the legislature was to fix the salaries of county attorneys according to population, in all counties having more than 5000 inhabitants, and to leave it to the discretion of the boards of county commissioners in counties having fewer than 5000 inhabitants to fix such salaries at $400 or less.   This view is strengthened by the fact that under the provisions of another statute the boards of county commissioners are authorized to examine, settle and allow accounts against their respective counties.

The judgment of the district court is affirmed.