# SMITH v. BOARD OF COM'RS OF WASHITA COUNTY.

### No. 4439.   Opinion Filed May 13, 1913.

#### Rehearing Denied July 8, 1913.

#### (133 Pac. 177.)

**CLERKS OF COURTS—Compensation—Modification.** It was the purpose of the Legislature by the enactment of section 15a, c. 69, Sess. Laws 1910, to fix the maximum amount which may be allowed the clerk of the county court as full compensation for his services and to authorize the board of county commissioners in the exercise of their discretion to allow a less amount whenever in their judgment it is proper to do so.

(Syllabus by the Court.)

*Error from District Court, Washita County;*
*James R. Tolbert, Judge.*

Action by Ralph D. Smith against the Board of County Commissioners of Washita County. Judgment for defendant, and plaintiff brings error. Affirmed.

*T. A. Edwards* and *A. M. Beets,* for plaintiff in error.
*Massingale & Duff,* for defendant in error.

KANE, J. This was an action commenced by the plaintiff in error, plaintiff below, against the defendant in error, defendant below, to recover a balance alleged to be due him upon his salary as clerk of the county court of the county of Washita. Upon a trial to the court, there was judgment for the defendant, to reverse which this proceeding in error was commenced.

It is conceded that Washita is a county having a population of over 25,000, and that the plaintiff was duly appointed clerk of the county court thereof by the county judge, in pursuance of section 15, c. 69, Session Laws 1910, and that the board of county commissioners, upon the theory that by virtue of section 15a, c. 69, Session Laws 1910, it was authorized to

do so, fixed the salary of the clerk of the county court at a sum of less than $100 per month, to wit, the sum of $80 a month, and allowed his claims for that sum from month to month, which were duly paid.

The plaintiff contends that by virtue of section 15a the salary of clerk of the county court is fixed by the Legislature at $100 per month, and that the board of county commissioners have no power or authority to fix it at any less amount, and therefore he is entitled to recover the difference between $80 per month and $100 per month for the time he has served as clerk. Section 15a reads as follows:

"The clerk of the county court shall receive as full compensation the following amount to be allowed by the board of county commissioners, payable monthly: In counties having a population of 10,000, and not over 25,000, a salary not to exceed $75.00 per month; in counties having a population over 25,000, not to exceed $100.00 per month, and in counties having over 50,000 population not to exceed $125.00 per month."

We think the construction placed upon the statute by the board of county commissioners is correct. Obviously, it was the purpose of the Legislature to fix the maximum salary of such officers and leave it to the discretion of the board of county commissioners to allow a less amount whenever in their judgment it was proper to do so. In 11 Cyc. 428, it is said:

"The compensation of a county officer is dependent either directly upon the statutory provision, or is fixed by the county board in pursuance of statutory authority or constitutional provision. Where, however, the duty of fixing the salaries of county officers is by the Constitution devolved upon the Legislature, it has been held that such body cannot delegate the regulation of compensation to the county board. This power of county boards to regulate the compensation of county officers and make allowances for services, since it exists only by virtue of Constitutional or statutory provision, can be exercised only in the manner and in direct accordance with the language used therein. Hence if the salary of a certain official is definitely fixed or the maximum determined by statute, the board have no power to increase it although they conceive it to be inadequate or believe that extra compensation should be al-

lowed; but where the maximum is fixed by statute, the board may, in its discretion, fix a less amount."

A Texas statute declared that the county treasurer's commission should be fixed by the commissioners' court at not to exceed two and one-half per cent. In *Staples v. Llano County,* 9 Tex. Civ. App 205, 28 S. W. 571, it was held that:

"The purpose of this law was to fix a maximum amount that may be allowed such officers and to authorize the commissioners' court, in the exercise of its judgment, to fix an amount less, whenever it was proper to do so."

It is true that the Texas statute provides that the commission shall be "fixed" by the board of commissioners, whilst our statute provides that the compensation of the clerk shall be "allowed" by the board of county commissioners; but that is not significant, as authorities show the two words to be used interchangeably in a great many instances.

In *Polk v. Minnehaha County,* 5 Dak. 120, 37 N. W. 93, it was held that, "'allow,' as used in Sess. Laws 1885, p. 83, providing that the district attorneys shall receive such salaries for their services as the board of county commissioners of the proper county shall 'allow,' is synonymous with the word 'fix' as used in a resolution of the board stating that they 'fix' the salary of the district attorney at a certain sum." 1 Words and Phrases, 345.

In the national banking act authorizing the national banks to charge and receive interest at the rate "allowed" by the laws of the state or territory where the bank is located, and declaring that when no rate is "fixed" by the laws of the state or territory they are "allowed" a rate not exceeding 7 per cent., the word "fixed" is used in the same sense as the word "allowed." *Hinds v. Marmolejo,* 60 Cal. 229, 231; *Daggs v. Phoenix Nat. Bank,* 5 Ariz. 409, 53 Pac. 201, 204; *Wolverton v. Exchange Nat. Bank,* 11 Wash. 94, 39 Pac. 247.

In *Guild v. First Nat. Bank,* 4 S. D. 566, 57 N. W. 499, it was held that "'allowed,' as used in Rev. St. U. S. sec. 5197 (U. S. Comp. St. 1901, p. 3493), providing that any

national bank may charge the interest 'allowed' by the laws of the state where it is located, means fixed or established by the law of such state." 1 Words and Phrases, 345.

A Kansas statute (Gen. St. 1889, par. 1799) which seems to be identical in meaning with section 15a provides that:

"The county attorneys of the several counties of this state shall be allowed by the board of county comimssioners, as compensation for their services, as salary per year, as follows: In counties of from 1,000 to 5,000 inhabitants, not more than $400.00. * * *"

In *Naylor v. Board of County Commissioners,* 8 Kan. App. 761, 61 Pac. 763, it was contended, as it is in this case, that the statute fixed the salary of the county attorney and left the board of county commissioners no discretion in the matter. The court said:

"Counsel would read the statute as follows: 'The county attorneys of this state shall be allowed by the board of county commissioners as compensation for their services, as salary per year, in counties of from 1,000 to 5,000 inhabitants $400.' It is argued that the statute does not confer a discretion on the board of county commissioners to fix the salary of the county attorney at less than $400 per year, but it forbids their allowing more than that sum. We are unable to adopt this view."

We have examined the authorities cited by counsel for plaintiff in error, but do not find any of them in conflict with the foregoing cases or with the conclusion reached herein.

The judgment of the court below is therefore affirmed.

HAYES, C. J., and WILLIAMS and TURNER, JJ., concur; DUNN, J., absent and not participating.