### POLK, Appellant, *v.* MINNEHAHA COUNTY, Respondent.

**Office and Officer—Changing Salary of District Attorney during Term.**

> During the term previous to P.'s acting as district attorney the salary had been $1,200 per annum, fixed at the beginning of that term.   The statute (Laws 1885, p. 83,) provided that the district attorneys shall receive such salary as the board of county commissioners of their respective counties shall allow, but the salary "shall not be diminished during the term for which they shall be elected." On the day P's term began, an hour or more after he had qualified, the commissioners fixed the salary at $700 per annum.   *Held* it was in violation of the statute, and that P. was entitled to compensation at the rate of 1,200 per annum.

> PALMER, J., dissenting.

(Argued May 20, 1887; reversed May 26; opinion filed February 23, 1888.)

Appeal from the district court, Minnehaha county; Hon. C. S. PALMER, Judge.

*Winsor & Kittredge* and *H. T. Root*, for appellant.

A public office is a right to exercise a public employment. The right to the fees and emoluments are stated to be co-exten-

sive with the office. The fees are incident to it, as fully as are the rents and profits of lands. *Mayfield* v. *Moore*, 53 Ill. 431; 2 Blackstone, 36; *Cox* v. *City of Burlington*, 43 Ia. 614.

The object of this statute is to prevent county boards from intermeddling with the compensation of an officer after his term of office has commenced. *Purcell* v. *Parks*, 82 Ill. 351; *Cox* v. *City of Burlington*, 43 Ia. 614; *Douville* v. *Manistee Supervisors*, 40 Mich. 588.

The salary, when once fixed by the board of county commissioners, is a continuing one until further action is taken by the board. *Farwell* v. *Rockland*, 62 Me. 301; *Cox* v. *City of Burlington, supra.*

The term of office of district attorney begins on the first Monday of January after election, and he must qualify and enter upon the duties of his office on that day, or within 10 days thereafter. Pol. C. c. 5, §§ 9, 10.

He holds his office for the term of two years, and until his successor is elected and qualified. Sess. Laws 1883, c. 43, § 1.

The board of county commissioners shall not diminish salary during the term for which he is elected. Sess. Laws 1885, c. 45, § 1.

If this old salary continued until further action of the board, then any action the board might take in regard to it would be in the nature of a change, or, in this case, a reduction.

This being so, the next important question is, when did plaintiff's "term" commence? The statute plainly says, "on the first Monday of January," and it makes it not only his right to enter upon the duties of his office on that day, but it prescribes a penalty for neglecting to do so for the period of 10 days.

Even if we concede that Mr. Wright's term of office extends after the first Monday of January, until his successor qualifies and enters upon the duties of his office, it can make no difference in this case, for the findings of fact show that plaintiff qualified and entered upon the duties of his office on that day, and an hour or more before the action of the board.

*L. S. Swezey,* for respondent.

On the first Monday of January, 1887, the old board of county commissioners met in regular session, approved the minutes of former meetings, and adjourned *sine die.*

The new board, including two members recently elected, immediately assembled, organized, and proceeded to business. As to this matter, the language of the record is:

"On motion, the salary of the district attorney was fixed at $700 per annum."

Not diminished, but fixed. Why fixed, and why not diminished? Because, we say, this was the first opportunity for the board to act in the matter, because it was a matter in the line of duty, and wholly within the discretion of the board to "allow"—to fix—the salary of the district attorney. And the language shows the intent was to fix such salary, and not to diminish it.

The plaintiff had performed no duties, earned no compensation, had no contract with the county, was dependent upon the discretionary act of the county board in allowing his salary. If it was not satisfactory, he could resign.

The ultimate authority regulating the fees or salary of a public officer in any case is the legislature. This authority may, however, be delegated to any municipal board or other tribunal.

From the nature of this authority, it results that the duties and emoluments, in fact the office itself, and all that appertains thereto, may be abolished or changed at will by the legislature, or by the corporate authorities having the delegated power. Dill. Mun. Corp. 268, 269; *Connor* v. *Mayor*, 5 N. Y. 285; *Nichols* v. *MacLean*, 13 Amer. Corp. Cas. 152; *Butcher* v. *Camden*, 29 N. J. Eq. 478; *Iowa City* v. *Foster*, 10 Ia. 189; *Augusta* v. *Sweeney*, 44 Ga. 463; *People* v. *Detroit*, 38 Mich. 636.

A statute creating an office, fixing the compensation, and providing for its payment, does not create a contract between the officer and the public body. *Com.* v. *Bacon*, 6 Serg. & R. 322; *Love* v. *Jersey City*, 40 N. J. Law, 456; *City* v. *McBride*, 69 Ind. 244; *Smith* v. *Mayor*, 37 N. Y. 518.

Nor does it avail the appellant in this case to refer to the action of the county board two years before, at the January session, 1885, in fixing the salary of the district attorney at $1,200 per annum.

The term of the former occupant expired immediately upon the qualification of the plaintiff. And, according to the argument of counsel, the board could not until the expiration of that term do any act to diminish the salary. They took no action to do so during the term. But immediately upon expiration of the term, and at the opening of the term of office of the incumbent elect,—at the first opportunity, we say,—on the first day of the regular session fixed by law, the board did fix the salary of the district attorney, and have done nothing else to diminish it.

The argument that the board cannot during any term of office diminish the salary, necessarily leads to the result that it must wait until the term expires. But when one term expires, another term begins, at the same instant, we will say. And the further proposition that the board cannot then fix any salary that would be a diminution of the salary before fixed, leads to the absurd conclusion that it must, at some prior session, allow the salary *in futuro*.

FRANCIS, J. This case was tried before the district court in and for Minnehaha county, without a jury, on an appeal from the action of the board of county commissioners of said county, purporting to fix the annual salary of the district attorney of said county.

The court, in making its findings of fact, found that at the general election in 1884, one E. G. Wright was elected as district attorney for said county for two years from the first Monday of January, 1885; that he duly qualified and acted as such district attorney during said term; that January 8, 1885, at a regular session of the board of county commissioners, the salary of the district attorney was fixed by the board at $1,200 per annum, payable quarterly; that at the general election in 1886, A. A. Polk, the plaintiff, (appellant,) was duly elected as

district attorney for said county for the ensuing term of two years from the first Monday of January, 1887, being the 3d day of January, 1887; that on that day he duly qualified by taking and subscribing the oath of office and executing his official bond to the county in the sum, and with the two sureties, required by law, which bond was approved by the county clerk, and, with the oath of office written thereon, filed with said county clerk, January 3, 1887; and that since that date said A. A. Polk has acted and is now acting as district attorney; that at the regular session of said board of county commissioners held on said 3d day (first Monday) of January, 1887, being the first day of the session, and the same day on which the oath of office and bond of the plaintiff were filed, but some time—an hour or more —later on that same day, said board fixed the salary of the district attorney at $700 per annum; that at a regular session of said board, April 4, 1887, the said A. A. Polk, the plaintiff, having presented his account for salary as district attorney for the first quarter of the year, in the sum of $300, said board, on the 7th day of April, 1887, took action on the matter, and allowed the sum of $175; that from this decision of the board the plaintiff took an appeal to this court.

Upon these findings of fact the court made the following conclusions of law, namely:

"And the court decides the law in this case as follows, to-wit:

"1. The decision of the board of county commissioners aforesaid, rejecting said account in the sum of three hundred dollars, and allowing one hundred and seventy-five dollars thereof, was according to law, and not erroneous in any respect.

"2. And the decision aforesaid should in all respects be affirmed and approved."

On these findings of fact and conclusions of law judgment was thereafter, April 30, 1887, entered in favor of the defendant and against the plaintiff, approving and affirming the decision of said board, (rejecting the account of the plaintiff in the sum of $300 for salary, and allowing $175 thereof,) and awarding the defendant costs therein.

The one error assigned is as follows: "And the plaintiff herein says there is manifest error on the face of the record, in this: in making the conclusions of law on the findings of fact."

It is evident that the assignment is well taken, and that the court clearly erred in making its said conclusions of law upon the findings of fact stated.

The amendment to section 5 of the act entitled "An act to create the office of district attorney" for the several counties of Dakota Territory, approved March 7, 1883, which said amendment was approved March 13, 1885, (Sess. Laws 1885, p. 83,) provides that "the district attorneys shall receive such salaries for their services as the board of county commissioners of the proper county shall allow, not less than four hundred dollars a year; but the salary of such district attorneys shall not be diminished during the term for which they shall be elected or appointed."

It appears from the proof and from the findings of fact that the term of office of the plaintiff (appellant) began January 3, 1887, and that the action of the said board of county commissioners appealed from, seeking to diminish the annual salary of the district attorney, was had and taken during the term of office for which the plaintiff (appellant) had been elected as district attorney, and after said term had begun, and also after he had qualified for the office, and, in the law, entered upon its duties. This action was in clear violation of the plain provisions of law contained in the amendment above referred to.

There is a distinction between the office and the person holding the office.

The salary, when fixed or allowed, relates and attaches to the office itself, and also to the individual officer, in so far as that the person who for the time being holds the office is entitled to receive the salary of the office.

When the board once fixed the salary "of the district attorney" "at $700 per annum," it remained as fixed for the full term, and until changed as provided by law, no matter what person held or occupied the office; and the law says the salary of the dis-

trict attorneys shall not be diminished during the term for which they shall be elected or appointed.

The contention of the attorney of respondent, that the board did not *diminish,* but *fixed,* the salary, has no real existence, and is not even the well-defined ghost of a respectable technicality. If they fixed or allowed the salary at a less sum than the salary then existing, they diminished it.

Neither is there any distinction in this case between the word "allow," appearing in said amendment, and the word "fix," as used in the wording of the motion or resolution of the board constituting the action appealed from. When the board "allow" the salary they "fix" it—it is fixed; and when they "fix" it, it is allowed—they allow it.

The further contention of the attorney for respondent, that "when one term expires another term begins at the same *instant,*" and that the proposition "that the board cannot then fix any salary that would be a diminution of the salary before fixed, leads to the absurd conclusion that it must at some prior session allow the salary *in futuro,*" raises no question that this court will consider in this case. We are to pass upon what was done, and not to determine what might have been done. Neither are we to decide whether or not, under existing law, the salary of district attorneys, when once allowed, can be diminished. It is sufficient for the purposes of this case that the effort to diminish the salary in this instance was illegal; and the error consisted in holding it legal, and no valid judgment could be based or rendered upon such holding.

The board of county commissioners had no power or authority to diminish the salary of the office of district attorney after the term of office for which the plaintiff (appellant) was elected had begun; that is, during the term. Their action was illegal, and the district court should have so found and declared, and judgment should have been rendered accordingly.

The judgment of the district court is reversed.

All the justices concurring, except PALMER, J., dissenting, and THOMAS, J., not sitting.