FRUTH, Adm'r, Respondent, v. BOLT, et al, Appellant.

(158 N. W. 733.)

(File No. 3941.　Opinion filed July 10, 1916.)

1. **Pleadings—Complaint—Corporate Existence—Location of Corporation, Sufficiency.**

   As against a demurrer, an allegation that defendant is "a corporation of Hulett, Wyo.," is sufficient as an allegation of defendants corporate capacity.

2. **Mortgages—Foreclosure—Complaint—Mortgage to "Deceased"—Construction of Pleading.**

   A complaint on foreclosure of a mortgage, alleging the giving of the note and mortgage to plaintiff's decedent as one "deceased," is not obnoxious to a general demurrer, where, in another part of the complaint the date of decedent's subsequent death is set forth; such allegation does not show the mortgage a nullity because given to a dead man; the intent of the whole pleading being that the papers were executed to one "now deceased."

Appeal from Circuit Court, Meade County. HON. JAMES McNENNY, Judge.

Action by Henry Fruth, Administrator of William H. Hall, deceased, against Ausna H. Bolt, now known and going under the name of Anna Cox, and another, to foreclose a mortgage. From an order overruling a demurrer to the complaint, defendants appeal. Affirmed.

*Albert Gunderson,* for Appellants.

*Claude C. Gray,* and *W. G. Rice,* for Respondents.

(1) To point one of the opinion, Respondent cited: State v. Chicago, Milwaukee & St. Paul R. R. Co. 4 S. D., 261: 56 N. W. 894.

(2) To point two of the opinion, Appellant cited: Hunter v. Watson, 12 Cal. 382, 73 Am. Dec. 543.; Andrews v. Wynn, 4 S. D. 40.

Respondent cited: Code Civ. Proc. Sec. 153; Caledonia Gold Mining Co. v. Noonan, 14 N. W. 426 at page 428.

GATES, J. Action to foreclose a real estate mortgage. The defendants interposed a general demurrer to the complaint. From the order overruling same, defendants appeal.

[1] It is first urged that there is nothing in the complaint to show that defendant Hulett Land & Cattle Company, sued as an artificial being, had any corporate existence. In one paragraph

of the complaint the said defendant is alleged to be a subsequent grantee of the property and is referred to as "a corporation of Hulett, Wyo." As against a demurrer this is a sufficient allegation of the corporate capacity of said defendant.

[2] Appellants next urge that because the complaint alleges the giving of the note and mortgage on June 9, 1910, to William H. Hall, deceased, it clearly appears that the mortgage was a nullity because given to a dead man. C. C. §§ 2042, 915. In construing the language of a complaint reference must be had to all its parts. In another paragraph, it is alleged that William H. Hall died on July 21, 1914, four years after the giving of the note and mortgage to him. Although the language of the complaint is inartistic, it was clearly the intention of the pleader to allege that the note and mortgage were given to William H. Hall, "now deceased" or "since deceased." The objections raised by the demurrer are ultratechnical and frivolous. In the language of Territorial Justice Francis in Polk v. Minnehaha Co., 5 Dak. 129, 37 N. W. 93, they are "not even the well-defined ghost of a respectable technicality."

The order appealed from is affirmed.