FRUTH, Respondent, v. BOLT et al., Appellants.

(164 N. W. 270.)

(File No. 4142.   Opinion filed October 1, 1917.)

1.  **Appeals—Review—Copy of Complaint Not in Record, Effect.**

    Whether a complaint states a cause of action, will not be considered on appeal, where appellants' record does not contain a copy thereof.

2.  **Appeals—Error—Former Decision, Law of Case.**

    The question of sufficiency of complaint is res judicata on present appeal, it having been held sufficient on former appeal.

3.  **Appeals—Review—No Objection Below or Specification of Error, Effect.**

    An objection that the decree appealed from is void because directing mortgaged premises, consisting of several legal subdivisions of land, to be sold in one parcel, cannot be made on appeal, the objection not having been made below.

4.  **Corporations—Suit Against—Corporate Existence, Proof of—No Averment of Non-corporation, Effect—Statute.**

    In a suit against a corporation, there being no answer, **held,** that objection that evidence fails to prove corporate existence of defendant is without merit, where no answer was served; construing Civ. Code, Sec. 414, requiring an averment of non-corporation as a condition to proof of non-existence of the corporation.

5.  **Mortgages—Foreclosure—Attorney's Fees as Costs, When Allowed—"Issue Joined"—Statute.**

    In a suit to foreclose a realty mortgage, **held,** under Code Civ. Proc., Sec. 413, limiting an attorney's fee in any case to $25.00, unless court shall allow an additional sum "when issue has been joined" in the suit, that an issue of law raised by demurrer to complaint, comes within said provision; the statute not being confined to one raised by answer.

6.  **Mortgages—Foreclosure—Attorney's Fee—Services in Supreme Court, Whether Considered—Statute.**

    Trial court, in fixing amount of attorney's fee taxable in a foreclosure suit, must consider only the services performed in that court; services on appeal being a matter of costs to be there allowed and taxed.

7.  **Mortgages—Foreclosure—Attorney's Fee, Whether Unreasonable or Excessive—Statute.**

    In a realty foreclosure suit, where only issues of law raised by demurrer were involved, **held,** that $250 was an unreasonable and excessive attorney's fee, although there were two trials on demurrer; the debt involved being $662; and $100 is a reasonable allowance for attorney's fee therein.

**8. Costs—Costs on Appeal—Relief Granted in Part.**
> Where relief asked for by appeal is granted in part only, no costs will be allowed either party in Supreme Court.

Appeal from Circuit Court, Meade County. Hon. LEVI McGEE, Judge.

Action by Henry Fruth, administrator of estate of William H. Hall, deceased, against Ausna H. Bolt, now known and going under name of Anna Cox, and another, for foreclosure of a realty mortgage. From an adverse decree, defendants appeal. Decree modified, and affirmed.

*Albert Gunderson,* for Appellants.

*W. G. Rice,* for Respondent.

(5) To point five of the opinion, Appellants cited: Code Civ. Proc., Secs. 410, 411, Subd. 4; 413; 23 Cyc. p. 368, note 57; Decker v. Chelsey, 57 N. H. 163; Bouvier, Law Dictionary, Vol. 1, p. 752; Lawrence v. Bagley, 3 Mass. 510.

Respondent cited: Code Civ. Proc., Secs. 239, 240, 241, 242, 243, 413.

POLLEY, J. This action is brought for the purpose of foreclosing a mortgage on a tract of land in Meade county. Decree of foreclosure was entered by the trial court, and from such decree defendants appeal.

[1, 2] In support of their appeal, appellants contend, first, that plaintiff's complaint does not state facts sufficient to constitute a cause of action. To this contention there are two answers: First, appellants have failed to set forth a copy of said complaint in their printed record, and for that reason the question is not entitled to consideration, even if presented in good faith; and, second, the question of the sufficiency of this complaint was before this court on a former appeal, and there held to be sufficient. Fruth v. Bolt, 158 N. W. 733.

[3] Appellant next contends that the decree appealed from is void, because it directs that the mortgaged premises, which contained 13 legal subdivisions of land, shall be sold in one group or parcel, by the sheriff or other officer of that court. This question is not properly before the court. It was not presented to the trial court by any specification of error on the motion for new trial, and therefore is not reviewable by this court. Had this part of the decree been called to the attention of the trial court

by proper specification, it could have been corrected or amended by that court; but, that not having been done, it cannot be passed upon for the first time by this court.

[4] It is next contended that the evidence is insufficient to prove the corporate existence of the defendant Hulett Land & Cattle Company. This contention is without merit, because, in actions by or against a corporation, it is not necessary to prove the existence of such corporation, unless the defendant, by his answer, expressly aver that the plaintiff, or defendant, as the case may be, is not a corporation. Section 414, Civil Code. In this case there was no answer, and of course no such averment, and therefore no proof was necessary.

[5-7] It is next contended that the trial court exceeded its jurisdiction in taxing costs. An attorney's fee of $250 was allowed to plaintiff and taxed as a part of the costs. Section 413, Code of Civil Procedure, provides that:

"The attorney fee in no case shall exceed the sum of $25, unless the court shall, by order, allow an additional sum, when issue has been joined in such action."

Neither of the defendants answered in this case, and therefore they claim that no issue was joined, and that the court had no authority to allow more than $25 as attorney's fee. It does not follow that, because no answer was filed, no issue was joined. No issue of fact was joined, but there was an issue of law. Defendants demurred to the original complaint, the demurrer was sustained, and an amended complaint was filed. Defendants again demurred, but this demurrer was overruled, and from the order overruling the same defendants appealed to this court. Fruth v. Bolt, supra. An issue of law is as much an "issue," as that term is used in section 413, as an issue of fact, and the court has the same authority to allow an attorney's fee in excess of $25, where issue has been joined upon a question of law, as where the issue was one of fact. But in fixing the amount of the attorney's fee that may be taxed by the trial court, that court must take into consideration only the services that are performed in that court. Provision is made for the allowance of costs in this court, but the costs so allowed are taxed by this court, and are not to be considered by the trial court when taxing costs in that court. With the services rendered in this court excluded from consideration,

we believe that $250, the amount of attorney's fee allowed by the trial court, is unreasonable and excessive, notwithstanding the fact that there were two trials on demurrer. The amount of the debt secured by the mortgage that was being foreclosed is only $662. When this fact is taken into consideration, as it should be in making an allowance for attorney's fees, we believe that $100 is a reasonable allowance for that purpose.

[8] The cause will therefore be remanded to the circuit court, with directions to modify the judgment to conform to the views herein expressed, and, as so modified, the said judgment is affirmed. But, as the relief asked for by the appellant is granted in part only, no costs will be allowed to either party in this court.