SCOTT, Respondent, v. HETLAND et al, Defendants
(HETLAND, Appellant).

(215 N. W. 778.)

(File No. 6068.   Opinion filed October 22, 1927.)

1. **Vendor and Purchaser—Court Held Authorized to Award Attorney's Fees, Though There Was No Proof of Value of Services Rendered (Rev. Code 1919, § 2916).**

   Court held authorized to award attorney's fees pursuant to Rev. Code 1919, § 2916, in foreclosure of contract for sale of land, though there was no proof of value of services rendered.

2. **Vendor and Purchaser—$400 Attorney's Fees in Action to Foreclose Land Sale Contract Held Not Excessive, Where Amount of Judgment Was About $22,000 (Rev. Code 1919, § 2916).**

   Court in awarding $400 attorney's fees pursuant to Rev. Code 1919, § 2916, for services in such court in action to foreclose contract for sale of land, held not to have abused his discretion where amount of judgment was approximately $22,000.

---

Note.—See, Headnote (1), American Key-Numbered Digest, Vendor and purchaser, Key-No. 299(1), Costs, 15 C. J. Secs. 249, 257; Vendor and purchaser, 39 Cyc. 1900; (2) Vendor and purchaser, Key-No. 299(1), 39 Cyc. 1900.

As to discretion of court in estimating value of services rendered by attorney, see 7 R. C. L. 793.

For allowance of attorney's fees without proof, see Bancroft's Code Practice and Remedies, Vol. 3, pg. 2848.

Appeal from, Circuit Court, Minnehaha County; Hon. John T. Medin, Judge.

Action by John A. Scott against E. J. Hetland and another. Judgment for plaintiff, and defendant E. J. Hetland appeals. Affirmed.

See, also, 213 N. W. 732.

*Waggoner & Stordahl,* of Sioux Falls, for Appellant.

*Jones, Matthews & Fitzpatrick,* of Sioux Falls, for Respondent.

POLLEY, J. Plaintiff and defendant entered into a contract for the sale of a piece of real estate. Defendant defaulted in his payments, and plaintiff brought this action to foreclose defendant's rights under the contract. The case was tried to the court. Findings of fact and conclusions of law were for plaintiff and judgment was entered accordingly.

[1] As part of the cost the court allowed plaintiff an attorney's fee of $400. There was no evidence introduced to show the value of the services performed, and the right of the trial court to award attorney's fees without proof of the value of the services rendered and the amount allowed are the only questions urged by the defendant on this appeal. Section 2916, Code of 1919, provides that in this class of cases:

"Costs including a reasonable attorney fee to be fixed by the court may be awarded in such actions in the discretion of the court."

The right of the trial court to award an attorney's fee in excess of $25 in foreclosure suits was before this court in Fruth v. Bolt, 39 S. D. 371, 164 N. W. 270. In that case, an attorney's fee of $250 was allowed for the foreclosure of a mortgage for only $662. There does not appear to have been any proof of the value of the services rendered. We sustained the right of the trial court to tax an attorney's fee in favor of the plaintiff in the absence of proof of the value of such services, but held that, in so doing, the court must take into consideration only the services that were performed in that court. As to such services the trial judge is as competent to appraise the value as any witness that could be put upon the stand, and it is not error for the trial court to allow a reasonable attorney's fee for such services as were performed in that court.

[2]   It is next contended that the trial court abused its discretion in fixing the amount allowed to plaintiff at $400. In Fruth v. Bolt, supra, we held that an attorney's fee of $250 for foreclosing a mortgage for $662 was unreasonable and excessive and reduced the attorney's fee to $100. In that case there were two trials on demurrer; in this case there was a trial on demurrer and a trial on the merits, and the amount of the judgment is $21,-990.19. While an attorney's fee of $400 for the amount of work performed in the trial court may have been liberal, we are not prepared to say that the trial judge abused his discretion in allowing that amount.

The judgment appealed from is affirmed.

CAMPBELL, P. J., and BURCH, J., concur.

GATES and SHERWOOD, JJ., not sitting.