[S.F. No. 140.   Department Two.—June 15, 1896.]

## RUDOLPH SPRECKELS, APPELLANT, v. NEVADA BANK OF SAN FRANCISCO, RESPONDENT.

PLEDGE—STOCK OF CORPORATION—TRANSFER UPON BOOKS—INJUNCTION.—
A pledgee of the stock of a corporation, when the contract is silent upon the subject, has no right to have the stock transferred to his name before maturity of the debt; and an injunction will lie at suit of the pledgor to prevent such transfer.

ID.—VALIDITY OF PLEDGE—ENTRY UPON BOOKS—PROTECTION OF PLEDGOR—
RIGHTS OF PLEDGOR.—A transfer of stock upon the books of the corporation is not essential to the creation of a valid pledge of the stock, but the pledgee has the right to cause a proper entry of the transaction between himself and his pledgor to be entered upon the books of the corporation for his protection, under section 324 of the Civil Code, though he is not authorized to divest the pledgor of the rights incident to his ownership of the pledge, by surrender and cancellation of the pledged certificate, and the issuance of a new certificate in the name of the pledgee.

APPEAL from an order of the Superior Court of the City and County of San Francisco dissolving a preliminary injunction.   A. A. SANDERSON, Judge.

The facts are stated in the opinion of the court.

*Edward P. Cole*, for Appellant.

A pledgee does not have a right before maturity of the debt to transfer stock out of the pledgor's name. (*Nisbit* v. *Macon Bank etc. Co.*, 12 Fed. Rep. 690; *Brewster* v. *Hartley*, 37 Cal. 25; 99 Am. Dec. 237; *State* v. *Smith*, 15 Or. 98; *Farmers' Nat. etc. Bank* v. *Wilson*, 58 Cal. 602; *People* v. *Elmore*, 35 Cal. 655; *Bryan* v. *Baldwin*, 52 N. Y. 232.) Defendant took with full notice that this stock was only pledged, and stands in no better position than the pledgee. (Cook on Stock and Stockholders, sec. 472; Jones on Pledges, sec. 418; *Haber* v. *Brown*, 101 Cal. 452; *Cross* v. *Eureka etc. Co.*, 73 Cal. 306; 2 Am. St. Rep. 808; *Wheeler* v. *Newbould*, 16 N. Y. 398; *Hawks* v. *Hinchcliff*, 17 Barb. 492; Civ. Code, sec. 2888; *Taylor* v. *Weston*, 77 Cal. 534; *Dupont* v. *Wertheman*, 10 Cal. 359.) The injunction should not have been dissolved. (*Porter* v.

*Jennings,* 89 Cal. 443, 444; *Ayer* v. *Seymour,* 5 N. Y. Supp. 651; *McHenry* v. *Jewett,* 26 Hun, 453; 1 Thompson on Corporations, secs. 732, 733; *Hoppin* v. *Buffum,* 9 R. I. 513; 11 Am. Rep. 291; *Vowell* v. *Thompson,* 3 Cranch C. C. 428; Cook on Stocks and Stockholders, sec. 612; *Hicks* v. *Compton,* 18 Cal. 206; 2 High on Injunctions, secs. 1134, 1135; *State* v. *Smith, supra;* Code Civ. Proc. sec. 526; Civ. Code, sec. 3422.) The pledgor has the right to vote the pledged stock until transferred on the books in the name of the pledgee. (*Dulin* v. *Pacific etc. Coal Co.,* 103 Cal. 357; *Clark* v. *Central R. R. etc. Co.,* 50 Fed. Rep. 343; *Schofield* v. *Union Bank,* 2 Cranch C. C. 115; *Vowell* v. *Thompson, supra; McHenry* v. *Jewett, supra; State* v. *Smith, supra; Hoppin* v. *Buffum,* 9 R. I. 513; 11 Am. Rep. 293; *American Nat. Bank* v. *Oriental Mills,* 17 R. I. 551; *Ayer* v. *Seymour, supra; People* v. *Robinson,* 64 Cal. 375.) Mere entry on the books of the fact of the pledge is all that is required, without cancellation of the pledgor's certificate, and issuance of a new one to pledgee. (*Moore* v. *Marshalltown etc. Co.,* 81 Iowa, 45; 2 Thompson on Corporations, secs. 2374, 2376.)

*Delmas & Shortridge,* and *F. S. Brittain,* for Respondent.

A pledgee, in the absence of a special covenant to the contrary, has the right to transfer the stock pledged out of the name of the pledgor, before maturity of the debt. (Civ. Code, secs. 324, 2988; Story on Bailments, secs. 7, 287, 297; 2 Kent's Commentaries, 581; 1 Parsons on Contracts, 600; *Goldstein* v. *Hort,* 30 Cal. 375; *Palmtag* v. *Doutrick,* 59 Cal. 159; 43 Am. Rep. 245; Code Civ. Proc., sec. 542.) A pledge, to be valid as to third parties, must be evidenced by the transfer on the books of the corporation. (Civ. Code, sec. 324; *Weston* v. *Bear River etc. Min. Co.,* 6 Cal. 425; *Strout* v. *Natoma etc. Co.,* 9 Cal. 80; *Ede* v. *Johnson,* 15 Cal. 58; *Farmers' Nat. Gold Bank* v. *Wilson,* 58 Cal. 600; *Winter* v. *Belmont Min. Co.,* 53 Cal. 429.) If no such transfer should be made, the pledgee would be liable to loss. (1 Smith's Leading

Cases, 1; 18 Am. & Eng. Ency. of Law, 615, note, 617, note.) The legal title to the stock with all the power to vote it are still in plaintiff, and the equitable title under the pledge is in the Nevada Bank, and must remain in this jurisdiction.  (*Neiler* v. *Kelley*, 69 Pa. St. 407; *Jermain* v. *Lake Shore etc. R. Co.*, 91 N. Y. 492; *Fisher* v. *Essex Bank*, 5 Gray, 377; *Burr* v. *Wilcox*, 22 N. Y. 551; *McAllister* v. *Kuhn*, 96 U. S. 89; *Hawley* v. *Brumagin*, 33 Cal. 399; *Van Allen* v. *Assessors*, 3 Wall. 598; *Joslyn* v. *St. Paul Distilling Co.*, 44 Minn. 183.)

HENSHAW, J.—This is an appeal from an order dissolving a preliminary injunction.

The complaint charged the following facts:  In 1894 C. A. Spreckels purchased of Claus Spreckels stocks and bonds of the Hawaiian Commercial and Sugar Company for the sum of seven hundred thousand dollars, payable one-half on or before January 4, 1895, the other half on or before January 4, 1896.  To secure these payments C. A. Spreckels pledged collateral securities largely exceeding in value the amount of the debt.  As additional security for this debt of C. A. Spreckels, plaintiff, Rudolph Spreckels pledged five thousand shares of the Paauhau Plantation Company, of the value of five hundred thousand dollars.  This stock was pledged under an agreement with Claus Spreckels that it should not be transferred out of the owner's name upon the books of the corporation until after maturity of the debt.  In December, 1894, Claus Spreckels transferred and assigned the debt and its securities to the defendant bank, which took with notice of all conditions.  The first moiety of the debt was paid when it became due, and defendant, under agreement, thereupon delivered to their respective owners one-half of the securities pledged as collateral.  The half retained and still held by defendant is of more than twice the value of the unpaid debt.  Defendant, before maturity of the principal debt, threatens to send, and, unless restrained, will send, the certificates of two thousand five hundred

shares of plaintiff's stock out of the jurisdiction of the court and to a foreign country, the republic of Hawaii, and will surrender the same to, and cause them to be transferred upon, the books of the Paauhau Plantation Company out of plaintiff's name, and into the name of defendant, or some of its agents. This will be done that said stock at the next election of officers of the Paauhau Company may be voted against the will and interest of plaintiff.

These threatened acts, if consummated, will impair plaintiff's credit, will deprive plaintiff of control and the courts of this country of jurisdiction of the stock, will violate the contract of pledge by preventing plaintiff from redeeming it at will, will imperil plaintiff's interests in the corporation, and impose extra burdens and large expenditures upon him by compelling him to go to a foreign jurisdiction to enforce his rights.

At the hearing of the motion to dissolve the preliminary injunction there were disputes upon certain questions of fact. It was denied that in the contract of pledge there was an agreement that the stock should not be transferred until after maturity of the principal debt. It was further denied that the defendant bank took with notice of any such agreement. And it was denied that its purpose in seeking to effect the transfer, which purpose was admitted, was anything other than to avail itself of its legal rights for its protection against possible impairment of its securities, should proceedings be instituted against plaintiff, and his property be subjected to seizure or attachment at the hands of the Hawaiian government, or some private creditor, without notice of the pledge. By the order of the court dissolving the injunction these questions of fact may be taken as having been resolved against the claim of plaintiff. They need not here be further considered.

We turn to the legal problem of the case: Has a pledgee in this state, when the contract is silent on the subject, as matter of law, the right to have the pledgor's stock transferred upon the books of the corporation

into his own name before maturity of the debt?  If not, then it is not to be denied but that plaintiff's complaint shows cause for an injunction *pendente lite*, and the order dissolving it was erroneous.  (Code Civ. Proc., sec. 526; Civ. Code, sec. 3422; *Porter* v. *Jennings*, 89 Cal. 440; *Ayer* v. *Seymour*, 5 N. Y. Supp. 651; *McHenry* v. *Jewett*, 90 N. Y. 61; *State* v. *Smith*, 15 Or. 98.)

Section 324 of the Civil Code provides that shares of stock may be transferred by indorsement and delivery of the certificate, but that such transfer is not valid, except between the parties thereto, " until the same is so entered upon the books of the corporation as to show the names of the parties by and to whom transferred, the number or designation of the shares, and the date of the transfer."  It has been determined by the decisions of this court interpreting these provisions that, even without entry upon the books of the corporation, such a transfer is valid as against all but innocent purchasers and transferees in good faith, for value, and without notice.  Actual notice to such an intending purchaser by one having a prior claim upon the stock, even though his claim be not noted in the books of the corporation, is sufficient.  ( *Weston* v. *Bear River etc. Co.*, 6 Cal. 425; *People* v. *Elmore*, 35 Cal. 653; *Winter* v. *Belmont Min. Co.*, 53 Cal. 428; *Farmers' etc. Bank* v. *Wilson*, 58 Cal. 600; *Barstow* v. *Savage Min. Co.*, 64 Cal. 388; 49 Am. Rep. 705; *Blakeman* v. *Puget Sound Iron Co.*, 72 Cal. 321.)

From these authorities, which declare the unquestioned rule in this state, appellant argues that a pledgee of stock would be fully protected by his power to give notice to an intending purchaser of his prior claim thereon.  But this view of a pledgee's rights, we think, is altogether too strained and narrow.  He should not be obliged to be on the constant watch to prevent dealings with the stock which has been hypothecated to him, at the peril of losing his security if he fails to give actual notice of his prior right to a subsequent intending purchaser or transferee.

Section 324 of the Civil Code, it will be observed, is general in its terms, and applies not merely to sales of stock, but to all transfers thereof, and thus includes transfers by way of pledge as fully as transfers by which the absolute title is parted with. We entertain no doubt, therefore, that under this section a pledgee of stock has the right, and indeed as an ordinary business precaution it may well be his duty, to cause a proper entry of the transaction between himself and his pledgor to be entered upon the books of the corporation for his protection, as the section contemplates. The only question is whether the mode which plaintiff and appellant here pleads is about to be taken by defendant to effectuate this end, is a proper one. In the case of a sale of stock the purchaser's right to have the stock transferred from the name of the seller into his own, and to surrender, if he desires, the old certificate, and have a new one issued to him in his own name, is unquestioned and unquestionable. But in the case of a pledgee, unless this particular form of procedure be necessary for his protection, it will not be adjudged to be within his rights, for the effect of it might be to imperil, upon the other hand, valuable rights and privileges of the pledgor. Thus, as here, it would give rise to questions involving the right to vote the stock at corporate elections, questions as to who should receive and retain dividends, questions of the removal of the stock to foreign jurisdictions, and the like. All that section 324 of the Civil Code exacts of a pledgee, for the protection of his interests, is that he should cause the transaction and the nature of it to be so entered upon the books of the corporation as to show the names of the pledgor and the pledgee, the number or designation of the shares, and the date of the transfer. All this may be done to the full protection of the pledgee's rights without the surrender of the certificates, their cancellation, and the issuance to him of new ones, and, when done, the pledgee would be fully protected against a subsequent purchaser, who would be charged with the constructive notice which the entries upon the books of

the corporation import; and, upon the other hand, there would be preserved to the pledgor all the rights incident to his ownership under the pledge. (*Moore* v. *Marshall-town etc. Co.*, 81 Iowa, 45; *Haegele* v. *Weston etc. Co.*, 29 Mo. App. 487.)

It is not the law of this state, nor is it the law generally, that a transfer upon the books of the corporation is essential to the creation of a valid pledge. (Civ. Code, sec. 324; *Graves* v. *Mono Lake etc. Min. Co.*, 81 Cal. 303, 325; *National Bank* v. *Watsontown Bank*, 105 U. S. 217; Cook on Stocks and Stockholders, sec. 465.)

The order dissolving the preliminary injunction is reversed.

TEMPLE, J., and MCFARLAND, J., concurred.