## MALONE v. JOHNSON.

### S. F. No. 577; January 23, 1897.

#### 47 Pac. 579.

**Pleadings—Amendment—Changing Cause of Action.**—A complaint alleged that on April 1, 1891, defendant gave his note to plaintiff, and to secure payment thereof delivered a stock certificate which he had assigned to plaintiff on March 31, 1887. The prayer was for sale of the stock to apply on the overdue note, and for a personal judgment for any deficiency. An amended complaint alleged that on March 31, 1887, defendant gave his note to plaintiff, and delivered said certificate as security, and that on April 1, 1891, a new note was given in place of the old one, and the certificate redelivered to plaintiff as security for the new note. The prayer was the same, except

that plaintiff waived judgment for deficiency. Held, that the amendment did not set up a different cause of action.

A Pledge of Corporate Stock by Indorsement and Delivery of the certificate is valid as between the parties.

APPEAL from Superior Court, Del Norte County; James E. Murphy, Judge.

Action by John Malone against James K. Johnson. A demurrer to the amended complaint was sustained and plaintiff appeals. Reversed.

L. F. Cooper and Sawyer & Burnett for appellant; A. J. Bledsoe for respondent.

BRITT, C.—In this cause judgment final for defendant was rendered on demurrer to an amended complaint. To support the judgment on appeal respondent relies on the plea of the statute of limitations (Code Civ. Proc., sec. 337) contained in the demurrer. March 30, 1896, plaintiff filed his original complaint, alleging that on April 1, 1891, defendant executed his promissory note in plaintiff's favor for the sum of $2,405, payable twelve months after date, and to secure such payment delivered to plaintiff a certificate of shares of stock in a certain corporation, which certificate had been previously, to wit, on March 31, 1887, assigned to plaintiff by defendant; and that the note remains unpaid. The prayer was for sale of the stock, application of the proceeds to payment of the debt, personal judgment for any deficiency, etc. In the amended complaint, filed April 20, 1896, it was shown that on March 31, 1887, defendant made his promissory note to plaintiff for the sum of $1,615.36, payable in one year, and as security for payment thereof then delivered to plaintiff the aforesaid stock certificate duly indorsed by defendant; that at the same time (March 31, 1887) an instrument in writing was executed by the parties stating the terms of the hypothecation of the stock; that such note was not paid, and on April 1, 1891, the principal and interest thereof amounted to $2,390.73. That defendant then owed plaintiff a further sum of $14.27, and in consideration thereof, and of the surrender of the overdue note, he executed a new note for the aggregate of said debts, $2,405; "that the said defendant, James K. Johnson, to secure payment of said last-

mentioned promissory note, . . . . did, on said first day of April, 1891, redeliver to said plaintiff, John Malone, said certificate of stock, . . . . and did then and there agree with plaintiff that he, plaintiff, should hold the same in the same manner and effect to secure the. payment of the last-described promissory note of $2,405, as he had held the same to secure payment of the first-described promissory note of $1,-615.36.'' Nonpayment of the new note was then stated, and the prayer was similar to that of the original complaint, except that plaintiff waived judgment for deficiency.

Respondent argues that the amended complaint, filed more than four years after maturity of the note of April 1, 1891, alleged a cause of action different from that set up in the original pleading, and hence does not have relation to the time of filing such original so as to save the bar of the statute. The pleader seems to have deemed it prudent to state in his amended complaint the antecedents of the debt evidenced by the new note and the transaction by which it was secured. This was not an attempt to state a different cause of action. The contract of April 1, 1891, which superseded that of March 31, 1887, was the ground of the claim made against defendant in both complaints: Anderson v. Mayers, 50 Cal. 525. It is further claimed that an extension of the lien on the stock could only be effected by another written agreement for that purpose; that none is alleged, and hence, as we understand the inference which respondent seeks to enforce, the right to proceed against the security is lost by lapse of time. But it appears that the certificate, already indorsed by defendant, was redelivered to plaintiff with the new note as security for its payment. As between the parties, nothing more was essential to a valid pledge of the stock. A second manual delivery was unnecessary, indeed, to perpetuate the lien if plaintiff still held possession of the certificate at the time the new note was executed: California Nat. Bank v. Ginty, 108 Cal. 148, 153, 41 Pac. 38; Brown v. Warren, 43 N. H. 430. See Spreckels v. Bank, 113 Cal. 272, 54 Am. St. Rep. 348, 33 L. R. A. 459, 45 Pac. 329, 331. The judgment should be reversed and the court below directed to overrule the demurrer to the amended complaint.

We concur: Haynes, C.; Searls, C.

37,

PER CURIAM.—For the reasons given in the foregoing opinion the judgment is reversed and the court below is directed to overrule the demurrer to the amended complaint.