[S. F. No. 8206. In Bank.—December 15, 1917.]

## STANLEY RAMAGE, Respondent, v. C. W. GOULD, Appellant.

CORPORATION—ASSIGNMENT OF STOCK—ATTACHMENT—SECRETARY REFUSING TO TRANSFER—ACTION FOR PENALTY.—The fact that shares of stock in a corporation have been levied on under a writ of attachment, issued against one who owned them and in whose name they stood when attached, is no defense to an action, by one to whom they were assigned after the levy of the attachment and while it was still unreleased, against the secretary of the corporation to recover the statutory penalty of four hundred dollars, provided by section 324 of the Civil Code, for refusal to transfer the stock or issue a certificate therefor to the transferee.

ID.—ATTACHMENT ON SHARES—EFFECT. OF LEVY.—Notwithstanding the levy of an attachment on shares of stock, the owner may exercise

all the rights of ownership subject to the lien of the attachment, including the rights to sell and transfer the shares subject to the lien.

ID.—ATTACHMENT OF SHARES OF STOCK HOW LEVIED.—The mode of attaching shares of stock is defined by subdivision 4 of section 542 of the Code of Civil Procedure, and subdivision 5 of the same section and section 544 have not and neither of them has any application.

ID.—ATTACHED STOCK—STOCK CERTIFICATE RECITING FACT OF ATTACHMENT—QUESTION NOT DECIDED.—In an action to recover a statutory penalty against an officer of a corporation for refusing to transfer assigned stock which had been attached, the question whether the officers of the corporation would have been justified in refusing to issue to the transferee a stock certificate, except one showing the fact of such attachment, is not necessary to be decided, and could not have been raised on appeal, where the record shows that the complaint alleged and the court found that the defendant, the secretary of a corporation, refused to issue *any* certificate to the plaintiff.

APPEAL from a judgment of the Superior Court of San Francisco. Geo. A. Sturtevant, Judge.

The facts are stated in the opinion of the court.

Fred L. Dreher, and Frederick J. Wichman, for Appellant.

Heller, Powers & Ehrman, *Amici Curiae.*

Alfred J. Harwood, for Respondent.

SLOSS, J.—This appeal was, in the first instance, heard in the district court of appeal for the first district, where the following opinion, prepared by Mr. Justice Richards, was filed:

"This is an appeal from a judgment in plaintiff's favor in an action brought against the defendant, as the secretary of a corporation, to recover the statutory penalty for refusing to transfer shares of stock of said corporation to the plaintiff upon his production of an assignment of the certificate of said stock and his demand for such transfer.

"The facts of the case are practically undisputed and are as follows: On February 15, 1915, one Andrew Ramage was the owner of two hundred shares of the capital stock of the Growers' Co-operative Agency, a corporation. On that date an action was commenced against him in the justices' court

of the city and county of San Francisco upon a debt, and an attachment was thereupon issued out of said court, which was straightway levied upon the said shares of stock of the defendant in said corporation. On March 15, 1915, said Andrew Ramage sold, indorsed, and delivered to Stanley Ramage, the plaintiff herein, 199 shares of said stock, and delivered the certificate evidencing the same to him. The plaintiff immediately presented said certificate to the defendant herein, as the secretary of said corporation, and requested the issuance of a new certificate therefor to him. The defendant then informed the plaintiff and also Andrew Ramage, his assignor, of the fact of said attachment, and stated to the plaintiff that he would sign and issue said stock as soon as said attachment had been released. On August 5, 1915, the plaintiff renewed his demand on the defendant for the issuance to him of said stock. The action against Andrew Ramage was still pending, and said attachment had not been discharged or released, and the defendant then stated that he was not at liberty to issue a new certificate for the attached stock but that he would do so as soon as said attachment had been released. This action was thereupon instituted to recover from the defendant as liquidated damages the statutory penalty provided by section 324 of the Civil Code.

"The sole question presented for decision in this case is as to whether the officers of the corporation can refuse to transfer certificates of shares of stock in their corporation to a purchaser and holder thereof demanding such transfer, when a writ of attachment has been levied on the shares or interest of the original holder of such stock, the lien of which attachment has not been released but is still subsisting at the time of such demand.

"We are unable to distinguish this case in principle from the case of *Craig* v. *Hesperia Land & Water Co.,* 113 Cal. 7, [54 Am. St. Rep. 316, 35 L. R. A. 306, 45 Pac. 10]. In that case the action was to recover damages for a conversion of the plaintiff's stock by the officers of the corporation through their failure or refusal to transfer said stock upon demand, the reason for such refusal consisting in the claim that the corporation had a lien on the stock for unpaid assessments. In upholding the plaintiff's contention in that case the supreme court says: 'The lien, however, is upon the shares and

not upon the certificate.. The certificate is merely evidence
of ownership of the shares. When an old certificate is sur-
rendered and a new one issued, the new certificate represents
the same shares; but the shares themselves remain subject to
any lien the corporation may have upon them, and the new
owner takes subject to such lien.'. It is, however, urged by
the appellant that the above case is to be distinguished from
the case at bar by the fact that in the case of a corporate
lien for unpaid assessments the records of the corporation
would disclose such lien and put subsequent transferees of
the certificate of stock upon notice thereof; while in the in-
stant case the lien created by the attachment would not be-
come a matter of corporate record, and purchasers of the
stock under attachment subsequent thereto would have no
notice of the lien. This distinction, however, is not impor-
tant, since shares of stock in a corporation are not negotiable
but, like other kinds of personal property, have the doctrine
of *caveat emptor* applied to their transfer.

"The appellant also seeks to derive some comfort from
the language used by this court in deciding the case of *Span-
genberg* v. *Nesbitt*, 22 Cal. App. 274, [134 Pac. 343]; but that
was a case of conflicting claims to the title of the particular
stock in question; and while the court did suggest that under
such conditions the officers of the corporation were entitled
to a reasonable time to determine its duty in the premises,
it also clearly indicated that there was one of two safe courses
to be taken by such officers if they would avoid the penalty
which the section of the Civil Code involved in this action
imposes: they might either make an independent investiga-
tion as to where the rights of the parties lay; or they might
institute an action for interpleader between the rival claim-
ants, and relieve themselves of responsibility by depositing
the stock in court. Neither of these courses was followed by
the defendant in the case at bar, although five months elapsed
between the plaintiff's first and second demand.

"We find no error, therefore, in the ruling of the trial
court holding the defendant liable to the penalties of the stat-
ute under the circumstances of the present case.

"Judgment affirmed."

Thereafter, an order was made transferring the cause to
this court for hearing and determination. The application
for such transfer was supported by friends of the court, who

attacked the judgment under review upon grounds differing somewhat from those advanced by the appellant himself. Our further examination of the case has satisfied us that neither petition shows any good ground for reversing or modifying the judgment appealed from. The opinion of the district court of appeal is adopted as embodying a satisfactory statement of the facts, and of the reasons for the conclusion reached. A few words may, however, be added, in view of the differing lines of attack made upon this conclusion.

The appellant himself takes the position that the plaintiff was not entitled to have a certificate issued to him so long as the attachment remained in force. This contention cannot be maintained unless it find justification in the statutes relative to attachment. There is no such justification. An attachment is a mere lien upon the shares of stock. Such lien, like any other, is upon the shares themselves, rather than upon the certificate of stock. The identity of the shares is not altered by the issuance of a new certificate, and the lien, if valid in its creation, will persist, notwithstanding the surrender of the certificate and the issuance of a new one to some person other than the defendant in the attachment suit. To this extent the decision in *Craig* v. *Hesperia Land & W. Co.*, 113 Cal. 7, [54 Am. St. Rep. 316, 35 L. R. A. 306, 45 Pac. 10], is precisely in point. The levy of an attachment does not deprive the owner of the shares of his title. He still owns the stock, and may exercise all the rights of ownership, subject to the lien of the attachment. He may sell and transfer the shares (always subject to the attachment), and vest in his transferee all the rights which he has. One of those rights, that of voting the shares, cannot be exercised except by one having the stock in his own name upon the books of the corporation. (Civ. Code, sec. 312.) The mode of attaching shares of stock of a corporation is defined by subdivision 4 of section 542 of the Code of Civil Procedure. Specific provision being thus made, the general language of subdivision 5 of the same section, prescribing the method of attaching debts and credits and other personal property not capable of manual delivery, must be restricted to forms of property other than corporate shares. Section 544, making persons "having in their possession, or under their control" personal property belonging to the defendant, liable to the plaintiff, unless the property be delivered up or transferred

to the sheriff, is complementary to subdivision 5 of section 542, and has no application to attachments of shares under subdivision 4. Even if the officers of a corporation may be said to have the stockholder's shares in their possession or under their control, section 544 could not be applied to shares of corporate stock without holding that the officers of the corporation, upon being served with the writ, may issue a certificate to the sheriff. Manifestly the code provisions do not contemplate this result.

There is, accordingly, no statutory provision authorizing the corporate officers to deny the stockholder or his assignee the rights incident to the holding and ownership of the shares attached. If, as is contended, this conclusion makes it possible for the owner of shares which have been attached to deceive others by inducing them to purchase shares in ignorance of the levy, the remedy lies with the legislature. The courts would not be justified in attributing to an attachment an effect greater than that which the statute gives, or in depriving stockholders in corporations, or their transferees, of any of their legal rights.

All of this is virtually conceded by learned counsel who appear here as *amici curiae*. They contend, however, that while the plaintiff, as purchaser of the shares and indorsee of the certificate, is entitled to have the shares transferred to his name on the corporate books, and to have a new certificate issued, the transfer should be made and the certificate issued subject to a notation that the shares have been attached. The claim is based upon *Spreckels* v. *Nevada Bank*, 113 Cal. 272, [54 Am. St. Rep. 348, 33 L. R. A. 459, 45 Pac. 329], where it was held that a pledgee of stock is entitled to have the fact of the pledge entered upon the books of the corporation. Authority for this ruling was found in section 324 of the Civil Code, the court holding that "transfers by way of pledge" were included within the transfers which, under this section, may be entered upon the books of the corporation. It may well be doubted whether the levy of an attachment constitutes in any sense a transfer of the shares, or of any interest therein. It is not necessary, however, in this case to decide whether the corporate officers would be justified in refusing to issue to the transferee of a stockholder whose shares had been attached any certificate except one showing the fact of attachment. No such question was raised

in this case, nor could it have been raised upon the record before us. The complaint alleged, and the court found, that the defendant had refused to issue any certificate to the plaintiff. The findings must be construed, if possible, so as to support the judgment. So construed, the finding that the defendant refused to issue any certificate should be taken to mean, not merely that he refused to issue a general, unrestricted form of certificate, but that he refused to recognize the right of the plaintiff to have a certificate in any form issued to him. This, too, is the necessary implication of the answer, which, in effect, declares that the defendant refused to issue a certificate so long as the attachment remained in force. It is apparent from the defendant's own pleading that a demand for a certificate, of whatever form, would have been unavailing. It does not, therefore, lie in the defendant's mouth to claim that the plaintiff did not ask for the particular kind of certificate to which he was entitled.

The judgment is affirmed.

Shaw, J., Melvin, J., Lawlor, J., Henshaw, J., and Angellotti, C. J., concurred.