[Civ. No. 2765. Second Appellate District, Division One.—March 13, 1920.]

## LYNDEN BOWRING, Appellant, v. E. E. PRIME, Respondent.

[1] CORPORATIONS — LEVY OF ATTACHMENT ON STOCK — REFUSAL TO TRANSFER.—The fact that suit has been brought against the transferor and the transferee of corporate stock and a writ of attachment served on the secretary of· the corporation will furnish no ground for refusal on the part of such secretary, upon demand and presentation of the old certificate properly indorsed, to make transfer of the stock and to issue a new certificate therefor to the transferee.

[2] ID.—RIGHT TO REASONABLE TIME TO MAKE TRANSFER—LIABILITY FOR REFUSAL TO TRANSFER ON DEMAND.—Where the secretary of the corporation was ready to have immediately made the transfer of the stock upon the demand of the transferee, but he refused to make the transfer because he believed the attachment prevented him from doing so, he was not entitled to a reasonable time thereafter within which he might make such transfer, and upon such refusal the transferee had the right to immediately commence an action to recover the penalty prescribed by section 324 of the Civil Code.

[3] ID.—ABSENCE OF REVENUE STAMPS — REFUSAL TO TRANSFER — GROUNDS—LIABILITY.—The fact that the revenue stamps required by the federal law were not affixed to the old certificate or tendered by the transferee would not interfere with his right to recover the penalty prescribed by section 324 of the Civil Code where the refusal of the secretary to make the transfer was not based upon that ground, but solely upon the ground that the writ of attachment had been levied on the stock.

---

1. Duty of corporations to transfer stock on their books, note, 136 Am. St. Rep. 1027.

APPEAL from a judgment of the Superior Court of Los Angeles County. H. T. Dewhirst, Judge. Reversed.

The facts are stated in the opinion of the court.

Bernard Potter for Appellant.

Charles E. Salisbury for Respondent.

JAMES, J.—Appeal by the plaintiff from an adverse judgment.

Section 324 of the Civil Code provides that upon the refusal of any officer of a corporation to transfer shares of stock when required, such officer ''shall be subject to a penalty of four hundred dollars, to be recovered as liquidated damages, in an action brought against him by the person aggrieved.'' Defendant herein was at the time material to the action the secretary of a corporation. The plaintiff was the transferee of certain shares in the same corporation and held certificate bearing proper indorsement of transfer. He presented the same at the office of the corporation and to the defendant, its secretary, who was in charge of the office, and requested the transfer to be made. At that time an action had been brought against the plaintiff and the transferor of the stock. Writ of attachment had been issued and served upon the defendant as secretary of the corporation. When the request for transfer of the stock was made by the plaintiff, the secretary communicated by telephone with the attorney for the plaintiff in the attachment suit and was advised by that attorney not to transfer the stock—that he had no right to do that. Defendant informed plaintiff of the situation and refused to make the transfer. Six days later the plaintiff served upon the defendant secretary a formal demand in writing requiring him to make the transfer requested. The defendant testified that thereupon he told the plaintiff that the situation was the same and that he did not think he could transfer it until he got further advice from the attorney; that he did consult with the attorney and that at the time summons in this action was served upon him, which was five days after the written demand had been delivered by the plaintiff, he was preparing or had prepared a letter to the plaintiff, which was dispatched that day, in which he stated his willingness

to make the transfer. The trial court determined, in effect, that the defendant had a reasonable time as secretary of the corporation to investigate his rights and liabilities, and that he acted within such reasonable time by offering to make the transfer, and that no recovery of the penalty could be had. [1] It is admitted that the fact of an existing attachment will furnish no ground for refusal on the part of the secretary of a corporation to make transfer of stock and issue new certificates therefor. Our supreme court has directly decided that question in an opinion by the court in bank, which was filed on December 15, 1917, and several months prior to the making of the demand in this case. (*Ramage* v. *Gould,* 176 Cal. 746, [169 Pac. 670].) In that decision it is announced as the law that shares of corporate stock are not negotiable; that the doctrine of *caveat emptor* applies upon the sale and transfer of the same; that the levying of an attachment may create a lien against the interest in the corporation of the holder of the shares, which lien will continue and follow the stock into the hands of whosoever it may go. Further, that the code sections governing attachments of corporate shares differ from the provisions affecting the attachment of debts and credits generally, and that there is nothing in those provisions which authorize the secretary of a corporation to refuse to make transfers and issue certificates to transferees upon proper demand therefor. [2] The decision cited clearly determines the right of the plaintiff to a judgment herein, unless it can be said that the secretary was authorized to take a reasonable time to make the transfer and issue the new certificates and that no more than a reasonable time was taken by the defendant here. Upon different facts a case might be presented where a delay of five or ten days from the time of demand until the issuance of new certificates would not be unreasonable; assuming, for instance, the case of a large corporation having an active market on its shares and where a great many transfers were being demanded and required of its secretary. Such a case might be presented and one which would show that the secretary had acted with reasonable promptness in complying with the demand where he diligently attended first to the making of the transfers in the order of request. But that is not this case. The secretary here was presumed to know that under the law the

levying of an attachment against the stock furnished no impediment at all to the transfer of the same upon the books of the corporation or the issuance of new certificates therefor. It was solely because of the fact that such an attachment had been levied that the refusal was made, for by his own testimony the secretary showed that he was ready to have immediately made the transfer upon the first demand of the plaintiff had it not been for the fact that he believed the attachment prevented him from so doing. Under such a state of the case, upon the first refusal of the secretary based upon the ground asserted, we think it was the right of the plaintiff to have immediately commenced his action to recover the penalty prescribed. [3] The court included in its findings a statement that at the time the demand was made revenue stamps required by the federal law were not affixed to the certificate or tendered. We attach no importance to that finding as interfering with the right of the plaintiff to recover in this action, because the refusal of the defendant to act was not based upon any such ground; the demand was treated as sufficient and admittedly would have been complied with except for the attachment condition.

Our conclusion is that the evidence does not sustain the findings.

The judgment is reversed.

Conrey, P. J., and Shaw, J., concurred.