[Civ. No. 3786.  Second Appellate District, Division Two.—August 31, 1923.]

JAMES KIRKLAND, Respondent, v. Z. LEVIN, Appellant.

ALEXANDER W. KIRKLAND, Respondent, v. Z. LEVIN, Appellant.

[1] Sales — Shares of Stock—Title—Implied Warranty—Section 1765, Civil Code.—A purchaser of shares of stock may, under section 1765 of the Civil Code, which provides that "One who sells or agrees to sell personal property, as his own, thereby warrants that he has a good and unencumbered title thereto," recover the purchase price thereof from the seller, who acquired the stock at a void assessment sale.

[2] Id.—Implied Warranty—Certificates of Stock—Inapplicability of Section 1774, Civil Code.—Certificates of stock are not covered by the terms of section 1774 of the Civil Code, providing for a certain warranty in the case of sales of instruments "purporting to bind anyone to the performance of an act."

APPEALS from judgments of the Superior Court of Los Angeles County.  Charles S. Crail, Judge.  Affirmed.

The facts are stated in the opinion of the court.

A. W. Sorensen for Appellant.

Donald Barker and Wm. H. Neblett for Respondent.

WORKS, J.—The two actions above entitled were tried upon the same evidence, although there was in the trial court no order for their consolidation.  There is here, however, a stipulation that they may be heard together, and the appeals stand before us under one number.  The cases will, therefore, be treated in a single opinion.

Each of the plaintiffs was at one time a stockholder in a certain corporation.  The stock holdings of each were advertised for sale for unpaid assessments.  Defendant purchased at the assessment sale the stock thus advertised.  Shortly thereafter plaintiffs repurchased the stock from the

Implied warrant on sale of corporate stock, notes, 10 Ann. Cas. 168; 53 L. R. A. 153.

defendant at a total paid price of $650. It transpired that the assessment sale was void and plaintiffs commenced the above-entitled actions for the purpose of recovering from defendant the amount named. In the respective actions plaintiffs had judgment and defendant appeals.

The complaint in each of the actions contains the following allegations: "That defendant then and there," that is, when the sale was made by him to plaintiffs, "represented to plaintiff that the said sale of plaintiff's shares [at the assessment sale] was a good and valid sale and that he, defendant, then and there by virtue of his purchase at said alleged sale had become and that he was then the owner of said . . . shares of stock. . . . That plaintiff . . . then and there believed the representations made by defendant to the effect that said sale was a good and valid sale, . . . that relying upon the representations of defendant as to the validity of said alleged sale and not otherwise plaintiff paid defendant [his part of the $650]." The trial court found that these averments were true and it is contended by appellant that the finding was not sustained by the evidence. That the finding is not supported is conceded by respondents, but they take the view that the allegations which we have quoted are surplusage and that any finding either that they were true or untrue was immaterial to the real controversy between the parties.

Respondents contend that they were entitled to judgment upon either of several theories. [1] They insist, in the first place, that the judgments in their favor were properly recoverable as upon an implied warranty under the terms of Civil Code, section 1765, which provides: "One who sells or agrees to sell personal property, as his own, thereby warrants that he has a good and unencumbered title thereto." We are convinced that this contention is sound. Shares of stock are personal property (Civ. Code, sec. 324; 6 Cal. Jur. 732) and they are therefore directly within the letter of section 1765. They seem as clearly to come within the spirit of the enactment. Such is the rule in other states (14 C. J. 690). [2] Appellant advances the argument that *certificates* of stock are covered by the terms of Civil Code, section 1774, providing for a certain warranty in the case of sales of instruments "purporting to bind anyone to the performance of an act," but a certificate

of stock does not come within the description evidenced by these quoted words. Such a paper contains no covenant or promise, being but a muniment of title to *shares* of stock. Moreover, the transaction between the parties to the present actions concerned shares of stock and not mere certificates of stock. In reaching the conclusion at which we have arrived as to the applicability of section 1765 of the Civil Code, in the present instance, we have not failed to consider that in *Ramage* v. *Gould,* 176 Cal. 746 [169 Pac. 670], it is said that "shares of stock in a corporation are not negotiable, but, like other kinds of personal property, have the doctrine of *caveat emptor* applied to their transfer." The question now before us, however, was not before the court in that case and the language used in the opinion is not susceptible of the construction to which appellant seeks to subject it. This view is apparent from the language itself. The clause, "like other kinds of personal property," if the meaning attributed to the opinion by appellant were taken, would serve to nullify completely the provisions of section 1765. An interesting statement on this entire subject may be found in the California Law Review for March, 1921, volume 9, page 197.

Appellant makes the point that the complaints do not state a cause of action under section 1765, in that no breach of the implied warranty is alleged. The pleadings do not aver a breach in terms, it is true, but they do allege facts showing that there was a breach.

Respondents contend that they were entitled to judgment upon theories other than the one above discussed. It is, of course, not now necessary to examine those contentions.

The judgments are affirmed.

Finlayson, P. J., and Craig, J., concurred.