[Civ. No. 4656.   First Appellate District, Division One.—February 23, 1924.]

## REALTY AND REBUILDING COMPANY (a Corporation), Respondent, v. FILLMORE ARCADE COMPANY (a Corporation), et al., Defendants; A. RUEF, Appellant.

[1] CORPORATIONS — TRANSFER — REGISTRATION UPON BOOKS — STOCKHOLDER'S LIABILITY.—When shares of corporate stock are transferred from one owner to another, it at once becomes an important matter to determine who is liable upon a stockholder's liability when such question is called into issue, the general rule being that a transferor is not released from this imposed burden until his transfer is duly registered upon the corporate books.

[2] ID. — FAILURE TO MAKE TRANSFER ON BOOKS — RIGHTS OF CREDITORS.—Section 324 of the Civil Code, which makes a transfer of corporate stock invalid, except as between the parties thereto, until the same is entered upon the books of the corporation, is mandatory and . not directory; and creditors of the corporation have a right to rely upon the books as showing who the stockholders are and the amount of stock held by each, and failure to make a transfer upon the books of the corporation requires that such transfer must be disregarded in considering the rights of creditors.

[3] ID. — LEGAL OWNERSHIP — FAILURE TO EFFECT TRANSFER — EVIDENCE—FINDINGS—APPEAL.—In this action upon a stockholder's liability, the evidence having shown that defendant had assigned his stock to his sister, but the same not having been transferred on the books of the corporation, and the evidence having been conflicting as to whether defendant had done all that a prudent man could do to effect a transfer, the finding of the trial court that, in contemplation of law, defendant was the legal owner of the stock, was conclusive on appeal.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Frank J. Murasky, Judge.   Affirmed.

The facts are stated in the opinion of the court.

2. Failure to register transfer, due to fault of corporation, as affecting continued liability of assignor of stock, note, 14 Ann. Cas. 898; 46 L. R. A. (N. S.) 668; L. R. A. 1915D, 733.

A. E. Shaw for Appellant.

Nathan Moran and Moran & Heer for Respondent.

TYLER, P. J.—This is an appeal by defendant Ruef from a judgment for $2,490 upon a stockholder's liability.

The alleged liability arose as follows: In the month of June, 1906, Rudolph Spreckels was the owner of certain real property situated on the west side of Fillmore Street in this city and county, and he leased the same to defendants Rea, Kehrlein, and Sullivan. On December 14th following the lessees assigned and transferred their leasehold interest in the same to defendant Fillmore Arcade Company, a corporation. This company accepted the transfer and entered into possession of the leased premises. Thereafter, on April 28, 1908, Rudolph Spreckels, as owner and lessor, conveyed the premises to plaintiff corporation. At the time of the transfer of the lease to the Fillmore Arcade Company Ruef was a stockholder in the latter corporation. Such corporation subsequently became indebted to plaintiff on account of certain rents due under the lease, and this indebtedness became the subject of this action.

The count upon which the cause of action is based is one to recover certain accrued rents which were alleged to be due from the Fillmore Arcade Company to plaintiff for the months of June, July, and August, 1911; and defendant Ruef was sued with other stockholders for his proportion of this alleged indebtedness.

The case has previously been before the supreme court, and the facts are fully set forth in the opinion rendered therein (*Realty & Rebuilding Co.* v. *Rea,* 184 Cal. 565 [194 Pac. 1024]). One of the contentions relied upon by Ruef upon the former trial was that he had endorsed and delivered his certificate of shares in defendant Fillmore Arcade Company to his sister, Mrs. Henrietta Sittenfeld, in December, 1908, and was therefore not the owner of any stock in such corporation at the time when the indebtedness here sued upon was incurred or had accrued. The trial court had so found, but upon appeal it was held that the evidence concerning the transfer was insufficient to relieve Ruef from liability to the creditors of the corporation for the reason that it failed to show that Ruef had made proper

or diligent effort to procure the removal of his name as stockholder from the corporate books, and the judgment rendered in his favor was accordingly reversed.

Upon the cause again coming on for trial after such reversal defendant Ruef testified to further facts surrounding the transfer. Judgment as above indicated was rendered against him and this is an appeal from such judgment.

The sole question presented by the appeal is whether the additional testimony shows that Ruef effected such a transfer of his stock as would relieve him from liability and place him in the position of a mere involuntary recordholder, it being conceded that his name still appears upon the books of defendant Fillmore Arcade Company as a stockholder therein. The testimony of Ruef is the only evidence in the case on the subject of the ownership of the stock and the circumstances surrounding its transfer. It is here claimed that such evidence shows without conflict that he had done everything in his power to cause the transfer of his certificates of stock to be made upon the books of the corporation, for which reason the judgment rendered against him should be reversed. Upon the former trial Ruef testified "that he had delivered a duly endorsed certificate representing his shares of stock to Henrietta Sittenfeld, and had requested the secretary of the corporation to issue the stock to the transferee." He further testified on that occasion that he had no knowledge as to whether the certificate was ever subsequently delivered by the transferee or any other person to the secretary of the corporation. It was this evidence that the supreme court held upon the former appeal to be insufficient to relieve Ruef of his personal liability. Upon the present trial this evidence was supplemented by further testimony on the part of Ruef to the effect that at the time he transferred his certificate he was incarcerated in the county jail, expecting within five days to be sent to the state prison for a term of fourteen years, and being refused permission to personally attend to his affairs outside of the jail he was compelled to rely upon others to properly effect a transfer for him. In this connection Ruef testified upon the present trial that he had been assured by the transferee shortly after the assignment of the stock that the certificate had been left by her with the secretary of the corporation for transfer, and

that he had further been assured by the president and secretary, and also by the attorney of the corporation, that the transfer had been made.

Respondent claims that this additional testimony on the part of Ruef is highly improbable and at variance with his testimony given at the former trial, wherein he had stated that he had no knowledge as to whether or not the certificate was ever delivered by the transferee or any other person to the secretary. Accordingly it is insisted that the judgment should be affirmed.

We are of a like opinion.

[1] When shares of stock are transferred from one owner to another, it at once becomes an important matter to determine who is liable upon a stockholder's liability when such question is called into issue. The general rule is that a transferor is not released from this imposed burden until his transfer is duly registered upon the corporate books. Our code provides in substance that a transfer is not valid, except as to the parties thereto, until the same is entered upon the books of the corporation so as to show the name of the parties by whom and to whom the transfer was made, the number of the certificate, the number or designation of the shares, and the date of the transfer (Civ. Code, sec. 324). [2] This statute is mandatory and not directory, and is not a mere rule for guidance of the corporation and stockholder. The section makes the transfer invalid, except as between the parties thereto, unless it is made in conformity with this statutory requirement. The transfer of shares of stock, therefore, to become effectual between transferor and creditors of the corporation, must be entered on the corporate books (*Spreckels* v. *Nevada Bank,* 113 Cal. 272 [54 Am. St. Rep. 348, 33 L. R. A. 459, 45 Pac. 329]). A provision of this character is a formality intended for the protection and security of the corporation and of third persons dealing with the same. Creditors of a corporation have a right to rely upon the books as showing who the stockholders are and the amount of stock held by each, and failure to make a transfer on the books of the corporation requires that such transfer must be disregarded in considering the rights of creditors (*Sherman* v. *S. K. D. Oil Co.,* 185 Cal. 534, 548 [197 Pac. 799], and cases cited).

[3] It is conceded in the present case that no such transfer was ever made and that the name of Ruef still remains on the books of the corporation as a stockholder. It is claimed, however, that where a stockholder has made a *bona fide* transfer of his stock, and has done everything in his power to comply with all the statutory requirements regarding stock transfers, he ceases to be liable as a stockholder, either to the corporation or its creditors, where, through the fault or omission of the corporation, the transfer is not entered on the books.

Admitting this to be true, the evidence upon this subject is not without conflict. In this connection it appears therefrom that at or about the time of the transfer the officers of the corporation, who were the friends of Ruef, visited him in the jail where he was incarcerated. The secretary of the corporation was his personal employee. It was possible for him to have delivered the stock to any one of these officers with instructions to make the transfer. Ruef at this time, so the evidence shows, was chiefly concerned with transferring most if not all of his possessions to members of his family, as he was sick and of the opinion that he would not survive his term of imprisonment. The transfer of the stock to his sister was as between them perfectly valid by reason of his indorsement and delivery. There was nothing in the transaction which in any manner indicated anxiety on Ruef's part as to any future liability to creditors of the corporation by reason of his mode of transfer. The testimony given by him upon the former trial was read into the record wherein he had stated that he had no knowledge that the certificate was ever subsequently delivered for transfer by his sister, the transferee, or by any other person, to the secretary. This was a circumstance which the trial court was justified in considering when determining the question as to whether or not he had done all that a prudent man could do to effect a transfer. In other words, the evidence upon the subject as to whether or not Ruef was the legal owner of the shares in contemplation of law is conflicting; and this being so we are bound by the conclusion of the trial court.

For the reasons given the judgment is affirmed.

St. Sure, J., and Short, J., *pro tem.*, concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 23, 1924.

All the Justices concurred.